1  LATHAM & WATKINS LLP
       Sadik Huseny (CA Bar No. 224659)
2      Elizabeth L. Deeley (CA Bar No. 230798)
       Brittany N. Lovejoy (CA Bar No. 286813)
3  505 Montgomery Street, Suite 2000
4  San Francisco, CA 94111-6538
   Telephone: +1.415.391.0600
5  Facsimile: +1.415.395.8095
   Email:  sadik.huseny@lw.com
6  Email:  elizabeth.deeley@lw.com
7  Email:  brittany.lovejoy@lw.com

8  Attorneys for Defendants
   Carvana, LLC and Carvana Group, LLC
9

10                  UNITED STATES DISTRICT COURT

11                EASTERN DISTRICT OF CALIFORNIA

12

13  KEITH SCHRENK, dba "THE CAR BARN,"      No.
    on behalf of himself and all other persons
14  similarly situated,                     **DEFENDANTS CARVANA, LLC AND
                                            CARVANA GROUP, LLC'S NOTICE OF
15                     Plaintiffs,          REMOVAL**

16        v.                                [Filed concurrently with Declarations of
                                            Sadik Huseny and Christopher Olson;
17  CARVANA, LLC, an Arizona Limited        Disclosure Statement Pursuant to FRCP 7.1;
    Liability Company, CARVANA GROUP,       and Civil Cover Sheet]
18  LLC, a Delaware Limited Liability Company;
    and DOES 1 through 100, Inclusive,
19                                          Sacramento Superior Court
                       Defendants.          Complaint Filed:  May 24, 2019
20

21

22

23

24

25

26

27

28

**TO THE CLERK AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

   **PLEASE TAKE NOTICE** that Defendant Carvana, LLC and Defendant Carvana Group, LLC (collectively "Defendants"), through undersigned counsel, hereby remove the above-captioned action from the Superior Court of the State of California for the County of Sacramento to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.

## I.   PROCEDURAL BACKGROUND

   1.   On June 13, 2019, Defendants were served with the Complaint and Summons for the action filed in the Superior Court of the State of California, County of Sacramento, entitled *Keith Schrenk, dba "THE CAR BARN," on behalf of himself and all other persons similarly situated, Plaintiffs, vs. CARVANA, LLC, an Arizona Limited Liability Company; CARVANA GROUP LLC, a Delaware Limited Liability Company; and DOES 1 through 100, Inclusive, Defendants,* Case No. 34-2019-00257244.  A copy of the Complaint is attached hereto as <u>Exhibit 1</u>.  A copy of the Summons is attached hereto as <u>Exhibit 2</u>.  Copies of the Notices of Service of Process are attached hereto as <u>Exhibit 3</u>.

   2.   Defendants Does 1 through 100 are unnamed and unknown, and therefore, have not been served with the Complaint.  *See* Compl. ¶ 21.

   3.   Pursuant to 28 U.S.C. § 1446(a), copies of all additional process, pleadings, and orders served on Defendants in Sacramento County Superior Court Case No. 34-2019-00257244 are attached hereto as <u>Exhibit 4</u>.

   4.   This Notice of Removal is filed within thirty days of Defendants' receipt of the Summons and Complaint.  *See* 28 U.S.C. §1446(b); *see also* <u>Exhibit 3</u>.

## II.   THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

   5.   Plaintiff purports to represent a class including:

   All California individuals or entities (irrespective of business form) duly
   licensed by the California Department of Motor Vehicles to operate as
   dealerships for the marketing and sales of used motor vehicles at any time
   from four years prior to the commencement of this action until the
   commencement of trial (or such earlier date as ordered by the Court) (the

1    proposed "Class Period"), as identified by automotive dealership licensee
2    records maintained by the State of California.

3    *See* Compl. ¶ 12.  The Class Period is alleged to be "any time from four years prior to the

4    commencement of this action until the commencement of trial."  *Id.*

5          6.      This Court has original jurisdiction over this action pursuant to the Class Action

6    Fairness Act ("CAFA").  *See* 28 U.S.C. §§ 1332(d), 1453.  CAFA extends federal jurisdiction

7    over (1) class actions, where (2) any member of the proposed class is a citizen of a state different

8    from any defendant, (3) the putative class consists of more than 100 members, and (4) the

9    amount in controversy exceeds $5 million, taking into account all damages and equitable relief

10   sought for all of the purported class members' claims in the aggregate, exclusive of interests and

11   costs.  *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), (d)(6).  Each of these requirements is satisfied in

12   this action.

13         **A.**     **This Is a Purported Class Action Within the Meaning of CAFA**

14         7.      A "class action" under CAFA includes any civil action filed under Federal Rule

15   of Civil Procedure 23 or a "similar State statute or rule of judicial procedure authorizing an

16   action to be brought by 1 or more representative persons as a class action."  *See* 28 U.S.C.

17   § 1332(d)(1)(B).

18         8.      Plaintiff's suit meets the definition of a class action because it is brought pursuant

19   to Section 382 of the California Code of Civil Procedure, which authorizes one or more

20   individuals to sue "for the benefit of all" when "the question is one of a common or general

21   interest, of many persons, or when the parties are numerous, and it is impracticable to bring them

22   all before the court."  Cal. Code Civ. Proc. § 382; *see also* 28 U.S.C. §§ 1332(d)(1)(B),

23   (d)(5)(B); Compl. ¶ 2 ("Schrenk brings this proposed class action pursuant to California Code of

24   Civil Procedure section 382…").

25         **B.**     **Minimal Diversity Is Satisfied**

26         9.      For purposes of establishing federal jurisdiction, CAFA requires only minimal

27   diversity.  To establish diversity jurisdiction under CAFA for the purposes of removal, a

28   defendant need only show that "any member of a class of plaintiffs is a citizen of a State

different from any defendant." 28 U.S.C. § 1332(d)(2)(A). In other words, removal is proper in the first instance where even *one purported class member* is a citizen of a state different from a defendant's state of citizenship. *See id.*; *see also Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) ("Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant."); *Beauford v. E.W.H. Grp. Inc.*, No. 09-cv-00066, 2009 WL 1808468, at *3 (E.D. Cal. June 24, 2009). "CAFA was intended to strongly favor federal jurisdiction over interstate class actions." *King v. Great Am. Chicken Corp. Inc.*, 903 F.3d 875, 878 (9th Cir. 2018).

          1.    <u>Defendants' Citizenship</u>

10. At the time of the filing of this lawsuit, and at the time of removal, Carvana Group, LLC and Carvana, LLC were and are limited liability companies. *See* Compl. ¶¶ 2, 19, 20.

11. A limited liability company's citizenship is determined by the citizenship of each of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A limited liability company is a citizen of every state of which its owners/members are citizens. *Id.* If a limited liability company's owner or member is a corporation, that owner or member is citizen where it is incorporated and where it has its principal place of business, *i.e.,* where its "high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010); *see also Stelzer v. CarMax Auto Superstores Cal., LLC*, No. 13-cv-1788, 2013 WL 6795615, at *2 (S.D. Cal. Dec. 20, 2013).

12. At the time of the filing of this lawsuit, and at the time of removal, Defendant Carvana Group, LLC was and is comprised of a group of "Pre-IPO LLC Unit-Holders" and Carvana Co. Sub., LLC. Based upon the citizenship of its members, Carvana Group, LLC is a citizen of Arizona, Georgia, Texas, California, North Carolina, New Jersey, West Virginia, and Delaware. *See* Christopher Olson Decl. ¶¶ 3-4.

13. At the time of the filing of this lawsuit, and at the time of removal, Defendant Carvana, LLC was and is comprised of Carvana Group, LLC and Carvana Co. Sub., LLC. *See id.* ¶ 2. Based upon the citizenship of its members, Carvana, LLC is similarly a citizen of

1  Arizona, Georgia, Texas, California, North Carolina, New Jersey, West Virginia, and Delaware.

2  *See id.* ¶¶ 2-5.

3         14.    Unnamed defendants sued as Does are not required to join in a removal petition,

4  and their citizenship is disregarded for purposes of removal.  *See* U.S.C. § 1441; *Fristoe v.*

5  *Reynolds Metals Co.*, 615 F. 2d 1209, 1213 (9th Cir. 1980).

6                 2.    Class Members' Citizenship

7         15.    Plaintiff purports to represent a class including "[a]ll California individuals or

8  entities (irrespective of business form) duly licensed by the California Department of Motor

9  Vehicles to operate as dealerships for the marketing and sales of used motor vehicles" during the

10  Class Period, "as identified by automotive dealership licensee records maintained by the State of

11  California."  Compl. ¶ 12.  This putative class contains dealers that are non-California citizens

12  and that are citizens of states diverse from Defendants.

13         16.    As Plaintiff's own allegations throughout the Complaint make clear, Plaintiff is

14  seeking to represent essentially all used car dealerships licensed by the DMV to operate in

15  California during the Class Period.  *See, e.g.*, Compl. ¶ 41 (Alleging that "[a]ll other used car

16  dealerships licensed by the DMV" comply with Cal. Veh. Code § 11713.1(o)); *id.* (Carvana is

17  "play[ing] by a separate set of rules that are otherwise required of any entity wishing to engage

18  in retail vehicle sales in the State of California"); *id.* ¶ 43 ("Plaintiffs will seek for himself, and

19  other similarly licensed dealerships authorized by the DMV to engage in used auto sales,

20  restitution…"); *id.* ¶ 62 (Stating that Plaintiff will seek treble damages for Carvana's "loss

21  leader" activity "on behalf of himself and other lawfully licensed retail dealerships in the State of

22  California during the proposed Class Period.").[1]

23  _____

24  [1] Plaintiff's conclusory reference to "California individuals or entities" in the class definition is
    so vague as to be effectively meaningless, and is insufficient to defeat removal.  *See Broadway*

25  *Grill, Inc. v. Visa Inc.*, No. 16-cv-04040, 2016 WL 4498822, at *4 (N.D. Cal. Aug. 29, 2016)
    (holding that a class definition that included "[a]ll California individuals, businesses, and other
    entities who accepted Visa-Branded Cases in California" was not explicitly limited to California

26  citizens), *reversed on other grounds*, *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274 (9th Cir.
    2017) (reversing district court's decision to allow plaintiff to amend the class definition alleged

27  in the complaint); *King*, 903 F.3d at 876 (9th Cir. 2018) (vacating district court decision to
    remand where plaintiff's class definition included "all current and former non-exempt employees

28  of defendants in the State of California" during the class period); *Mondragon v. Capital One*

17.     As a result, the class necessarily contains a number of entities that are citizens of other states.  Indeed, the Complaint itself alleges that the broad class is "readily ascertainable via inspection California DMV licensee records, which are publically (sic) available," Compl. ¶ 31, and the DMV expressly recognizes "out-of-state" applicants in its checklist for individuals or entities applying for a used car vehicle dealer license.  *See* Huseny Decl. ¶ 1; Ex. A, Sec. 1.

18.     One such California dealer who is citizen of another state is CarMax Auto Superstores ("CarMax").  CarMax possessed at least 25 separate used car dealership licenses in California during the Class Period.  *See* Huseny Decl. ¶ 2; Ex. B.  CarMax is thus undoubtedly a member of Plaintiff's putative class.

19.     However, CarMax is a citizen of the Commonwealth of Virginia, not the state of California.  *See, e.g., Beshwate v. BMW of North America, LLC*, 17-cv-00417, 2017 WL 4410169, at *4 (E.D. Cal. Oct. 4, 2017) (finding that CarMax is a citizen of Virginia for the purposes of diversity jurisdiction); *Stelzer v. CarMax Auto Superstores Cal., LLC*, No. 13-cv-1788, 2013 WL 6795615, at *4 (S.D. Cal. Dec. 20, 2013) (same); *Gomez v. CarMax Auto Superstores Cal., LLC*, 14-cv-09019, 2015 WL 1967078, at *1 (C.D. Cal. April 30, 2015) (same).[2]

20.     Another example is Enterprise Rent-A-Car Company, which possessed at least 30 separate used car dealership licenses during the Class Period that it operated under the name Enterprise Car Sales.  *See* Huseny Decl. ¶3; Ex. C.  Several courts have found that Enterprise Rent-A-Car Company is a citizen of Missouri for purposes of diversity jurisdiction.  *See Pate v. Enter. Rent-A-Car*, No. 13-cv-338, 2013 WL 4736863, at *1 n.3 (M.D. La. Sept. 3, 2013) ("[D]efendant Enterprise Rent–a–Car is a trade name of EAN Holdings, LLC, a Delaware

---

*Auto Fin.*, 736 F.3d 880, 882-3-85 & n.5 (9th Cir. 2013) (vacating district court decision to remand where the plaintiff's class definition referenced consumers who purchased and registered cars in California); *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965-66 (8th Cir. 2017) (vacating district court's remand order where plaintiff's class definition was limited to "Arkansas residents").

[2] *See also Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644 (9th Cir. 2016) (procedural history indicating that CarMax removed from California state court on the basis of diversity jurisdiction); *Gonzales v. CarMax Auto Superstores, LLC*, 13-cv-01391, Dkt. No. 1 (Notice of Removal) (C.D. Cal. filed Sept. 6, 2013) (notice of removal stating that CarMax Auto Superstores has as its principal place of business the Commonwealth of Virginia).

1  limited liability company whose sole member is Enterprise Holdings, Inc., a Missouri

2  corporation with its principal place of business in St. Louis, Missouri."); *Odom v. GEICO Ins.*

3  *Co.*, No. 13-cv-140, 2013 WL 6189856, at *3 (W.D. Wis. Nov. 27, 2013) (acknowledging the

4  Enterprise's headquarters are in Missouri and, from that fact, the court could infer complete

5  diversity; *see also id.* at *3 n.2 (noting that "[o]ther courts have described . . . Enterprise as a

6  citizen of Missouri").

7                    3.      Minimal Diversity Exists

8        21.    CarMax is in the purported class and is a citizen of Virginia, a state that neither

9  Carvana, LCC, nor Carvana Group, LLC is a citizen of.  Likewise, Enterprise Rent-A-Car

10  Company a member of the putative class and is a citizen of Missouri, a state that neither

11  Defendant is a citizen of.

12        22.    Minimal diversity is thus satisfied under CAFA, because at least one purported

13  class member is a citizen of a state different from the state of citizenship of a named defendant.

14  *See* 28 U.S.C. § 1332(d)(2)(A).

15        **C.    The Putative Class Exceeds 100 Members**

16        23.    Plaintiff alleges that the putative class consists of individuals or entities "duly

17  licensed by the California Department of Motor Vehicles to operate as dealerships for the

18  marketing and sales of used motor vehicles" during the Class Period.  *See* Compl. ¶ 12.  Plaintiff

19  also alleges that the purported class exceeds 1000 members, *see id.* ¶ 31, which Defendants do

20  not dispute given the number of individuals or entities currently licensed as used car dealerships

21  by California Department of Motor Vehicles according to publicly available records.

22  Accordingly, the requirement of 28 U.S.C. § 1332(d)(5) is satisfied.

23        **D.    The Amount in Controversy Exceeds $5 Million**

24        24.    CAFA provides that "[i]n any class action, the claims of the individual class

25  members shall be aggregated to determine whether the matter in controversy exceeds the sum or

26  value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). The amount in

27  controversy is first determined by reviewing the allegations of the operative complaint.

28  *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007), *overruled on other*

1  grounds as stated in *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013)

2  ("Our starting point is 'whether it is facially apparent from the complaint that the jurisdictional

3  amount is in controversy.'" (citation omitted)).  Where a complaint does not state a dollar

4  amount, a defendant's notice of removal under CAFA need include "only a plausible allegation

5  that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*

6  *Operating Co.*, *LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  Evidence on that issue is required

7  "only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

8          25.     Plaintiff seeks restitution on behalf of the putative class pursuant to its claims

9  California's Unfair Competition Law.  *See* Compl. Prayer for Relief, secs. b, e.  Plaintiff also

10  seeks actual damages incurred by the putative class under California's Unfair Practices Act,

11  which Plaintiff alleges should be *trebled* pursuant to California Business & Professions Code

12  sections 17030-17044.  *See* Compl. Prayer for Relief, secs. n-o.  Plaintiff separately seeks

13  disgorgement of Defendants' allegedly ill-obtained profits earned during the Class Period.  *See*

14  Compl. Prayer for Relief, secs. r-s.  Further, Plaintiff seeks attorneys' fees under several

15  statutory provisions, (Compl. Prayer for Relief, secs. k, q, u, x, y), as well as any civil penalties

16  the Court might deem just, Compl. Prayer for Relief, sec. w.

17          26.     Plaintiff does not allege a specific dollar amount in damages.  Plaintiff does,

18  however, allege that "sales losses hit [Plaintiff's] bottom line in the area of at least an estimated

19  $51,000, in just 2018" and that "[t]hese losses continue as Carvana's illegal and anti-completive

20  activities proliferate." Compl. ¶ 7.  Such losses multiplied across the thousands of used car

21  dealership licensees that arguably comprise Plaintiff's putative class, and the four-year class

22  period would well exceed $5 million.  Certainly there is little doubt that such damages, if trebled,

23  would surpass the jurisdictional threshold.  *See* Compl. Prayer for Relief, secs. n-o.

24          27.     And this does not take into account any attorney's fees Defendants might be held

25  responsible for under California Business & Professions Code or Unfair Practices Act, should

26  Plaintiff prove it is entitled to such fees.  *See* Compl. Prayer for Relief, secs. k, q, u, x, y;

27  *Lowdermilk*, 479 F.3d at 1000 ("where an underlying statute authorizes an award of attorneys'

28  fees, either with mandatory or discretionary language, such fees may be included in the amount

1  in controversy" (internal quotations and citation omitted)).  Likewise, any assessment of the total

2  amount in controversy must also take into consideration the costs Defendants might incur in

3  complying with the equitable remedies Plaintiff seeks.  *See* Compl. Prayer for Relief, secs. f-h, l-

4  m, p, t.  *See, e.g.*, *Anderson v. Seaworld Parks & Entm't, Inc*., 132 F. Supp. 3d 1156, 1164 (N.D.

5  Cal. 2015) (including value of future ticket sales that would be lost as the result of having to

6  modify purportedly deceptive advertising in determining amount in controversy); *Bayol v.

7  Zipcar, Inc.*, No. 14-cv-02483, 2015 WL 4931756, at *10 (N.D. Cal. Aug. 18, 2015) (in a case

8  challenging the legality of late fees imposed by Zipcar, lost income in the form of late fees that

9  could not be collected as the result of injunction was "properly included as the cost of

10  compliance"); *see also Pagel v. Dairy Farmers of Am., Inc*., 986 F. Supp. 2d 1151, 1160 (C.D.

11  Cal. 2013) (including monetary penalties paid to the state in the amount in controversy

12  calculation, as they were part of "the object of the suit").

13      28.    Defendants deny any and all liability and contend that Plaintiff's allegations are

14  entirely without merit.  For purposes of this Notice of Removal, however, taking Plaintiff's

15  factual allegations as true and legal allegations as correct, Defendants believe and allege that the

16  amount in controversy would exceed $5,000,000, exclusive of interest and costs, and satisfies the

17  amount in controversy requirements of CAFA.  *See* 28 U.S.C. § 1332(d)(2).

18  **III.    VENUE AND INTRA-DISTRICT ASSIGNMENT**

19      29.    Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the

20  Superior Court where the removed case was pending is located within this district.

21      30.    Venue is proper in the Sacramento Division of this Court pursuant to Local Rule

22  120(d), as the original action was filed in Sacramento County Superior Court.

23  **IV.    REMOVAL PROCEDURE**

24      31.    This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of

25  Civil Procedure.  *See* 28 U.S.C. § 1446(a).

26      32.    Defendants were served with the Complaint and Summons by personal service to

27  their registered service agent on June 13, 2019.  Accordingly, this Notice of Removal is timely

28  under 28 U.S.C. § 1446(b) as it is filed within 30 days of service.

33.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders are attached hereto as <u>Exhibit 4</u>.

34.     Defendants will serve written notice of the removal of this action upon all adverse parties promptly, and will file such notice with the Clerk of Sacramento County Superior Court, as required by 28 U.S.C. § 1446(d).

**V.      CONCLUSION**

35.     In conclusion, this Court has original jurisdiction over Plaintiff's claims by virtue of the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).  This action is thus properly removable to federal court pursuant to 28 U.S.C. § 1441.

36.     In the event this Court has a question regarding the propriety of this Notice of Removal, Defendants respectfully request that the Court issue an Order to Show Cause so that Defendants may have the opportunity to more fully brief the basis for this removal.

**WHEREFORE**, Defendants Carvana, LLC and Carvana Group, LLC remove the above-captioned action to this Court.

DATED:  July 12, 2019                          Respectfully submitted,

LATHAM & WATKINS LLP
  Sadik Huseny
  Elizabeth L. Deeley
  Brittany N. Lovejoy

By:  ___/s/ Sadik Huseny_____
        Sadik Huseny

Attorneys for Defendants
*Carvana, LLC and Carvana Group, LLC*

# EXHIBIT 1

1  **COHELAN KHOURY & SINGER**
   Timothy D. Cohelan (SBN 60827)
2  tcohelan@ckslaw.com
   Isam C. Khoury (SBN 58759)
3  ikhoury@ckslaw.com
   J. Jason Hill (SBN 179630)
4  jhill@ckslaw.com
5  605 "C" Street, Suite 200
   San Diego, CA 92101
6  Tel: (619) 595-3001/Fax: (619) 595-3000



7  Attorneys for Plaintiff KEITH SCHRENK, dba "THE CAR BARN,"
   on behalf of himself, all others similarly situated
8

9              **SUPERIOR COURT OF CALIFORNIA**

10               **COUNTY OF SACRAMENTO**

| | |
|---|---|
| 11  KEITH SCHRENK, dba "THE CAR BARN," on behalf of himself and all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CARVANA, LLC, an Arizona Limited Liability Company; CARVANA GROUP, LLC, a Delaware Limited Liability Company; and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No. **34-2019-00257244**<br><br>**CLASS ACTION COMPLAINT FOR RESTITUTION, DAMAGES, DISGORGEMENT OF PROFITS AND/OR INJUNCTIVE/DECLARATORY RELIEF**<br><br>1. VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW (UCL) [Cal. Business & Professions Code §§ 17200-17208, *et seq.*];<br><br>2. VIOLATIONS OF CALIFORNIA FALSE ADVERTISING LAW (FAL) [Cal. Business & Professions Code § 17500, *et seq.*]<br><br>3. VIOLATIONS OF THE UNFAIR PRACTICES ACT (UPA) [Cal. Business & Professions Code §§ 17030-17044, *et seq.*]<br><br>4. UNJUST ENRICHMENT AND DISGORGEMENT OF ILL-OBTAINED PROFITS [Restatement (Third) Restitution and Unjust Enrichment (2011) § 44 *et seq.*]<br><br>DEMAND FOR JURY TRIAL |

FILED/ENDORSED
MAY 24 2019
By: _____
J. Mora
Deputy Clerk

Plaintiff KEITH SCHRENK, dba "THE CAR BARN," on behalf of himself and all others similarly situated, ("Plaintiff" or "SCHRENK"), hereby complains and alleges as follows based on investigation, information and belief:

## INTRODUCTION AND GENERAL ALLEGATIONS

1.      This lawsuit involves a used car retail sales competitor operating and doing business as a dealership, but without procuring, paying and obtaining all necessary licensure, locations and regulator prerequisites required to lawfully engage in vehicle sales in the State of California.  In essence, by skipping all the legal and regulatory requirements, the Defendants are engaged in classic anti-competitive "loss leader" conduct and business practices by simply disregarding the overhead costs required to engage in commercial retail vehicle sales in California.

2.      Plaintiff KEITH SCHRENK owns and is the sole proprietor of a duly licensed and registered California "used vehicle dealership" dba as "THE CAR BARN" in Sacramento County in the State of California. SCHRENK brings this proposed class action pursuant to California Code of Civil Procedure section 382 and corresponding California Rules of Court (CRC) governing class actions, as an injured competitor seeking to compete against Defendants CARVANA, LLC, an Arizona Limited Liability Company Corporation; CARVANA GROUP, LLC, a Delaware Limited Liability Company; and DOES 1 through 100, inclusive (hereinafter collectively referred to as "CARVANA" or "Defendants") in relation to their engagement in anti-competitive and unlicensed sales of used vehicles in the State of California without compliance with all laws and applicable regulations that are required to be followed by all other California dealerships doing business in California. Plaintiff brings this action pursuant to the California Unfair Competition Law (UCL) as permitted by Cal. Business & Professions Code section 17200, et seq., and under California's False Advertising Law (FAL) as permitted by Cal. Business & Professions Code section 17500, et seq. on behalf of himself and all other individuals and entities in the State of California to address illegal, fraudulent and unfair (and unlicensed) business activity for the sale of motor vehicles in California by the CARVANA Defendants, and DOES 1 through 100.

3.      Further, as demonstrated by the facts below and throughout this Complaint, the CARVANA Defendants and DOES 1-100 engaged in illegal loss-leader conduct in violation of the

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint                                                    Case No. _____

1 California Unfair Trade Practices Act (UPA) and were unjustly enriched by sales of used

2 automobiles in the State of California without having a fixed location or required dealership and

3 salesperson licensing. Without payment of such legally and regulatory required costs of doing

4 business, the CARVANA Defendants are and were able to sell vehicles at below market prices that

5 injured lawful and law abiding dealers and salespersons in the State of California. Accordingly,

6 Plaintiff will seek, on behalf of himself, and all others similarly situated, treble damages as

7 permitted by the UPA in an amount according to proof, as well as a disgorgement of profits as

8 permitted by CACI 3903N related to lost profits and disgorgement of unjustly obtained

9 gains/profits, all in an amount according to proof.

10     4.    Specifically, Plaintiff alleges based on investigation, information and belief, the

11 following facts:

(a) In or around mid-2018, the CARVANA Defendants began unlicensed operations as a "used car automotive dealership" actively and aggressively engaged in the sales of used vehicles in the State of California and the marketing of same via television, internet, social media platforms, broadcast, and through use of used vehicles sales marketing by entities such as "craigslist.com" "autotrader.com" or through its own website portal, www.carvana.com;

(b) At all times relevant to this action, the CARVANA Defendants did not seek, obtain or possess any license from either the California DMV or other local business licensing (either by County or municipality) to operate as a used vehicle sales dealership;

(c) At all times relevant to this action, the CARVANA Defendants did not maintain or disclose a physical location for operation of selling used motor vehicles in the State of California in direct violation of the California Civil Code and applicable DMV regulations;

(d) At all relevant times to this action, the CARVANA Defendants actively engaged in all modes and medium (internet, broadcast, social media and internet auto sales websites) in marketing and selling of used motor vehicles with list prices that did not disclose that the list price excluded any fees, tax, title and license charge to complete a lawful vehicle sale in California, in violation of Cal. Vehicle Code §11713.1. As of May 13, 2019, Plaintiff reviewed multiple CARVANA advertisements on "craigslist.com" and each failed to disclose all transaction fees in the listing price for used motor vehicles for sale throughout the State of California, falsely implying to the public and to legitimate competing automotive dealerships, that taxes, title and licensing costs were included in the list price for the vehicle;

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 2 -

(e)      As of May 20, 2019, Plaintiff visually observed the CARVANA Defendants operating out of a physical location in close proximity to Plaintiff's "THE CAR BARN" licensed dealership, and each vehicle being delivered to CARVANA customers did not have a prominently displayed "Buyer's Guide" which is required by law in the State of California to be place on the vehicle at the time of sale. This activity by the CARVANA Defendants violates Cal. Vehicle Code § 11713.1(t) and violates mandates by the Federal Trade Commission (FTC) regulations at 16 C.F.R. Part 455. Without the required Buyer's Guide documentation, a reasonable consumer would not know whether the vehicle being sold is a "new" or a "used" and would not be advised of any material attributes about the vehicle. Plaintiff, as a licensed used motor vehicle dealership, must comply with such legal and regulatory requirements or face fines, levies and/or loss of his dealership license;

(f)      At all times relevant to this action, Plaintiff is informed and believes that the CARVANA Defendants not only actively sold vehicles without any licensure, but also have no requirement to renew and pay for an auto dealership license and do not pay for a required physical location in each major location throughout the State of California to actually show and allow view of used vehicles for sale, all in violation of the California Vehicle Code an applicable regulations promulgated and enforced by the California Department of Motor Vehicles (DMV). Plaintiff has made informal complaint to the DMV since mid-2018 when CARVANA began operating and actively selling vehicles in Sacramento County, but was informed that since CARVANA did not have an in-state location, DMV did not believe it had the ability to enforce dealership licensing and regulation. In other words, absent this action by SCHRENK, there appears no willingness on the part of California state entities or agencies to enforce law or applicable regulations upon CARVANA, while at the same time, legitimate and lawful dealerships are suffering sales losses at the expense of CARVANA who is not complying with law and is committing fraud and deception on the public;

(g)      Based on observation, information, investigation and belief, Plaintiff alleges that the CARVANA Defendants also employ used vehicle "salespersons" unlawfully and without having a dealership license or local operating license, nor do the CARVANA Defendants have to engaged in required fees and license renewal, or continuing educational requirements (4 hours every two years) as required by Cal. Vehicle Code sections 11704.5(c) and 11717(d). Thus, CARVANA is gaining an illegal and unlawful competitive advantage over Plaintiff and other similarly licensed automotive dealerships operating lawfully in the State of California;

(h)      The CARVANA Defendants used of unauthorized and unlicensed "salespersons" including the use of referrals and finders through the internet or social media is in direct violation of law pursuant to Cal. Vehicle Code sections 11800 and 675. Even the use of salespersons outside of the State of California for directing and controlling sales of used motor vehicles within California is illegal, unlawful, deceptive on the public and fraudulent;

Class Action Complaint             Case No. _____

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

(i)     Based on information, observation and belief, Plaintiff alleges that during the relevant time period, the CARVANA Defendants failed to comply with notice requirements for "no cooling off periods" but instead markets a non-contractual 7-day return policy for which California law does not authorize, and is implemented by CARVANA on an *ad hoc* basis. Because CARVANA requires purchasers to arbitrate disputes rather than allow for open litigation in Court, there is no way to determine whether CARVANA does anything to honor to its claimed 7-day "grace period" promise that it markets to consumers;

(j)     CARAVANA also engages in the false claim of selling "certified" used vehicles even though the Defendants to not maintain any licenses or permits from the Bureau of Automotive Repair (BAR), does not maintain local Board of Equalization permits for vehicle re-sale (and for collection of sales taxes); does not maintain any required City or County business licenses (as otherwise required to be paid and renewed by Plaintiff) and there are no filings for dba or fictitious business name statements being on file as required by Cal. Vehicle Code §§ 11817(a)(6) and 11721(f). Without a physical location address for CARVANA "dealerships" there is no lawful way to procure a certification from the BAR. (See, www.bar.ca.gov);

(k)     Plaintiff is informed and believes and based thereon alleges that the CARVANA Defendants also engaged in unlawful and fraudulent record keeping of sales requirements in that they have no identified, conspicuous "established place of business" and therefore do not have a location for inspection of point-of-sale records for used vehicle sales in violation of Cal. Vehicle Code section 4456 and as required by California Code of Regulations (CCR) Title 13, Sections 270.00 through 272.00;

(l)     At all relevant times, based on investigation, observation, information and belief, Plaintiff alleges that in all respects, the CARVANA Defendants engaged in competition with lawfully licensed auto-dealerships while engaging in dealership activities and actions as defined by Cal. Vehicle Code sections 285-286, while purposefully avoiding the legal requirements mandated by law to engage in motor vehicle sales in California. Consumers and competitors in the State of California suffer actual harm by CARVANA activities because purchasers are required to sign waivers of consumer right and forced arbitration/class action waivers for any dispute with CARVANA, thus the Defendants insulate themselves from enforcement activity unlawfully and have successfully evaded any enforcement action by authorities and DMV regulators in California by obfuscating their business activities and presence in the state;

(m)     The CARVANA Defendants in their marketing materials actually flaunt the fact that they are not in compliance with California automotive sales laws and regulations promulgated by the California DMV. They boldly claim that there are no CARVANA "Dealerships" and while they market used vehicles for sale with only a list price (and not disclaimer as legally required to show that the transaction will include sales taxes, licensing and any other dealership fees, they advertise, falsely, that they have "no hidden fees." (See, www.carvana.com/about-us).   They also falsely advertise, without any BAR

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

-4-

license or certification, that all of their used vehicles for sale are "certified" but provide no definition and without a physical location or license, cannot provide such certification in California without engaging in outright deception and fraud upon the public and as against competitors who must rigorously maintain license and certification requirement in order to sell a used car as "certified" with a standard list of inspections and testing approved by the Bureau of Automotive Repairs.

(n) By engaging in dealer sales activities without operation of a dealers licensing, physical locations and strict advertising requirements, the CARVANA Defendants are engaging in loss-leader activity by placing vehicles for sale under market value because they do not incur all the necessary costs and expenses of running and operating a bona fide dealership in California. This illegal short-cut allows Defendants to undermine lawful competitor in price, which is both a per se violation of the Unfair Practices Act (UPA, Business & Professions Code sections 17030-17044) but also constitutes a claim and cause of action for Unjust Enrichment for which the remedy is "disgorgement of ill-gotten gains." As shown by the CARVANA business records and press statements, Defendants purpose and aim is to disrupt the used car market by by-passing all dealership rules and requirements in the State of California all in direct violation of Cal. Business & Professions Code sections 17043-17044.

5.    Since mid-2018, the CARVANA Defendants began active engagement and auto sales in the market for used autos in Sacramento County and surrounding areas. Since that time, Plaintiff, whose lawfully licensed dealership is located in close physical proximity of a proxy for CARVANA location, has suffered actual and real monetary loss as a direct result of CARVANA's unfair business acts and practices, as well as use of false advertising schemes as to the pricing of vehicles. SCHRENK's dealership, "THE CAR BARN," has been in business for approximately 5 to 6 years. Each year since 2014, a decent used car market propelled sales for SCHRENK, at least until CARVANA entered the local market with an unlicensed dealership and with an undesignated location only hundreds of yards from SCHRENK's dealership. From 2014 until 2017, SCHRENK's sales spanned two Sacramento fixed locations, with annual unit sales of used vehicles at approximately 397 in 2014, approximately 435 vehicles in 2015, 451 vehicles sold in 2016, and approximately 682 vehicles sold in 2017.

6.    In 2018, the CARVANA Defendants entered into the California market and used a location near an auto wholesale lot to engage in dealership sales activity within less than a mile from SCHRENK's "CAR BARN" locations. While SCHRENK's "CAR BARN" sales had annually increased since opening in or about 2014, hitting 682 in 2017, in 2018, *after*

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 5 -

1    CARVANA began operations, total annual sales for SCHRENK's dealership dropped to 580
2    units and a second location for Plaintiff's business ceased operation. While used car sales are
3    competitive and usually with small profit margins after factoring in costs of compliance with
4    licensing and dealership laws and regulation, the loss of over 100 unit sales in one year after
5    several years of increasing unit sales was a major hit to SCHRENK's bottom line. Plaintiff is
6    informed and believes that CARVANA's market entry and without paying the true costs of
7    operating an auto dealership are the cause in fact and proximate and substantial factor in sales
8    losses in 2018 and continuing this year. Simply put, the CARVANA Defendants are engaged in
9    unlawful competition with legitimate licensed and compliant auto dealerships, and in fact
10   markets itself a beating competition by flagrantly violating laws necessary to do business as
11   *bona-fide* an auto-dealership in California without paying any entry or regulatory costs of doing
12   business, all to the determine of Plaintiff and the proposed class of licensed dealerships
13   throughout the State of California.

14         7.     While Plaintiff will retain appropriate accounting consultants to determine actual
15   competitive injury and harm, even if there were a net profit of $500 per vehicle, sales losses hit
16   SCHRENK's bottom line in the area of at least an estimated $51,000 in just 2018 alone. Sales
17   for the first four months of 2019 appear to track the same trend as of 2018, where sales from
18   January through April 2018 reached 210, whereas sales for the same four-month period in 2019
19   reached only 182 (28 units less). These losses continue as CARVANA's illegal and anti-
20   competitive activities proliferate, in an amount according to proof. Plaintiff intends to use
21   California DMV sales records to show each and every vehicle sold by CARVANA in California
22   during the proposed Class Period (arguably since CARVANA entered the California market) to
23   establish the results of their illegal and fraudulent enterprise and to calculate ill-gotten gains
24   over lawfully and legitimate competitors in the proposed Plaintiff Class to establish restitution
25   as permitted by an accounting under Business & Professions Code sections 17202-17204.

26         8.     On the www.carvana.com website, no physical locations for sale of used vehicles
27   are listed in the State of California, yet CARVANA internet sales advertisements proliferate
28   throughout every major auto market in the state. Further, review of California Secretary of State

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 6 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1   (Kepler) records show no physical address for any CARVANA location in California. Yet, the

2   company planned and distributed a press release stating they were entering the California mark

3   as          of          approximately          July          2018.          (See,

4   https://www.businesswire.com/news/home/20180717005237/en/Carvana-Brings-Californias-

5   Capital-City-New-Buy. In the release, the CARVANA Defendants stated: "Founded in 2012

6   and based in Phoenix, Carvana's (NYSE: CVNA) mission is to change the way people buy cars.

7   By removing the traditional dealership infrastructure and replacing it with technology and

8   exceptional customer service, Carvana offers consumers an intuitive and convenient online

9   automotive retail platform. Carvana.com enables consumers to quickly and easily buy a car

10  online, including finding their preferred vehicle, qualifying for financing, getting a trade-in

11  value, signing contracts, and receiving as-soon-as-next-day delivery or pickup of the vehicle

12  from one of Carvana's proprietary automated Car Vending Machines." Further, CARVANA

13  admitted it was engaged in sales without a dealership or license: "Shopping online, Carvana

14  customers save valuable time and money with a national inventory of more than 10,000 vehicles

15  just a click away and a car buying experience focused on an exceptional customer experience.

16  All vehicles are Carvana Certified, passing a rigorous 150-point inspection, have never been in

17  a reported accident and have no frame damage. Features, imperfections and updated information

18  about open safety recalls are listed on the car's vehicle description page. Additionally, Carvana

19  customers get an upgrade to the traditional test drive; to ensure the vehicle fits their life, every

20  Carvana vehicle comes with a seven-day return policy. All of this without ever having to step

21  foot in a dealership." "Sacramento is a rapidly growing city with an increasingly diverse

22  population," said Ernie Garcia, founder and CEO of Carvana. "We're looking forward to

23  growing alongside them, bringing California's capital a new way to buy a car."

24      9.      In a Securities and Exchange Commission (SEC) filing submitted on March 31,

25  2017, CARVANA reported annual revenues skyrocketing rom $4.6 Million in 2013 to over

26  $365 Million in 2016. Risks on investment reported by CARVANA to the SEC included

27  specific mention of increased scrutiny of sales, advertising, financing and insurance activities by

28  "private plaintiffs, federal, state and local regulatory and law enforcement authorities" as a risk

-7-

1   to potential investors. In fact, CARVANA specifically advised that: "*We operate in a highly*

2   *regulated industry and are subject to a wide range of federal, state and local laws and*

3   *regulations. Failure to comply with these laws and regulations could have a material adverse*

4   *effect on our business, results of operations and financial condition.* We are subject to a wide

5   range of federal, state and local laws and regulations. Our sale and purchase of used vehicles

6   and related activities, including the sale of complementary products and services, are subject to

7   state and local licensing requirements, federal and state laws regulating vehicle advertising,

8   state laws related to title and registration and state laws regulating vehicle sales and service. The

9   financing we offer to customers is subject to federal and state laws regulating the provision of

10   consumer finance. Our facilities and business operations are subject to laws and regulations

11   relating to environmental protection and health and safety. In addition to these laws and

12   regulations that apply specifically to our business, we will also be subject to laws and

13   regulations affecting public companies upon the completion of this offering, including securities

14   laws and NYSE listing rules. The violation of any of these laws or regulations could result in

15   administrative, civil or criminal penalties or in a cease-and-desist order against our business

16   operations, any of which could damage our reputation and have a material adverse effect on our

17   business, sales and results of operations. We have incurred and will continue to incur capital

18   and operating expenses and other costs to comply with these laws and regulations. Our logistics

19   operations, which we depend upon to transport vehicles from auctions to our inspections and

20   reconditioning centers, then on to our logistics hubs, and finally to our vending machines,

21   fulfillment centers or directly to customers, are subject to the regulatory jurisdiction of the U.S.

22   Department of Transportation (the "DOT") and states through which our vehicles travel, which

23   have broad administrative powers with respect to our logistics operations. Vehicle dimensions

24   and driver hours of service are also subject to both federal and state regulation. More restrictive

25   limitations on vehicle weight and size, trailer length and configuration, or driver hours of

26   service would increase our costs, and if we are unable to pass these cost increases on to our

27   customers, may increase our operating expenses and adversely affect our financial condition,

28   operating results and cash flows. If we fail to comply with the DOT regulations or regulations

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 8 -

Class Action Complaint                                                        Case No. _____

1   become more stringent, we could experience increased inspections, regulatory authorities could

2   take remedial action including imposing fines or shutting down our operations or we could be

3   subject to increased audit and compliance costs. If any of these events occur, our financial

4   condition, operating results and cash flows would be adversely affected.  Our sale of used

5   vehicles and financing offerings are subject to the state and local licensing requirements of the

6   jurisdictions in which we operate. Regulators of jurisdictions in which our customers reside, but

7   for which we do not have a dealer or financing license, could require that we obtain a license or

8   otherwise comply with various state regulations. Despite our belief that we are not subject to the

9   licensing requirements of those jurisdictions, regulators may seek to impose punitive fines for

10  operating without a license or demand we seek a license in those jurisdictions, any of which

11  may inhibit our ability to do business in those jurisdictions, increase our operating expenses and

12  adversely affect our financial condition and results of operations."

13          10.     In early 2019, Plaintiff specifically inquired why the DMV was not taking action

14  to require the CARVANA Defendants to obtain dealership and vehicle salesperson licensing or

15  to have a fixed physical business location, as is otherwise required for all persons engaged in

16  the retail sales of motor vehicles in California. DMV agents responded that since CARVANA

17  did not have a physical location or presence in the state, they could not engage in an

18  enforcement action.

19          11.     Plaintiff, based on investigation, information and belief, alleges that other

20  dealerships authorized and licensed to sell used vehicles in the State of California have suffered

21  identical competitive injuries, although the amounts of losses, restitution and lost profits, may

22  vary from class member to class member. CARVANA's continued presence, operations,

23  advertising and social media/internet presence in California doing business as an unauthorized

24  re-seller of used vehicles will continue to unfairly gain market share by under-cutting the true

25  costs of doing business that are incurred by lawful competitors in the used car sale industry.

26  Defendants conduct not only is causing direct and measurable harm to Plaintiff, but is causing

27  similar harm and losses to the entire industry of used motor vehicle sales in this state by

28  licensed and authorized dealers.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 9 -

12.     Pursuant to Code of Civil Procedure § 382 and corresponding California Rules of Court, Plaintiff SCHRENK seeks to represent the following class of individuals and entities as a proposed class representative:

> **PLAINTIFF CLASS**: All California individuals or entities (irrespective of business form) duly licensed by the California Department of Motor Vehicles to operate as dealerships for the marketing and sales of used motor vehicles at any time from four years prior to the commencement of this action until the commencement of trial (or such earlier date as ordered by the Court) (the proposed "Class Period"), as identified by automotive dealership licensee records maintained by the State of California.

13.     In all material and legal aspects, the CARVANA Defendants engage in the identical activities of an auto dealership as defined by the California Vehicle Code, but do not maintain any of the required DMV, Board of Equalization or any county or city required business licenses, nor do they list any permanent or fixed place of business, as is required by California law in order to engage in retail used car sales.

14.     Plaintiff seeks restitution, damages, declaratory and/or injunctive relief as well as disgorgement of ill-gotten gains based on Defendants' collective unfair, unlawful, deceptive and anti-competitive "loss leader" conduct. Plaintiff brings this action on behalf of himself and other lawfully operating competitors for harms and actual competitive injuries incurred during the proposed "Class Period," which is defined as four years prior to the filing of this action through date of the commencement of trial (or such other date the Court determines). Based upon information and belief that the Defendants' unlawful acts are continuing and will continue, Plaintiff may elect to seek declaratory and/or preliminary/permanent injunctive relief for the benefit of the proposed class he represents.

## JURISDICTION AND VENUE

15.     The California Superior Court has jurisdiction in this matter due to Defendants' violations of Business and Professions Code section 17200, *et seq.*, Business & Professions Code section 17500 *et seq.*, and related common law principles. Similarly, the Unfair Practices Act (UPA) Business & Professions Code section 17030 *et seq.*, mandates that civil actions for anticompetitive injury be filed in any Court without the State of California.

/ / /

Class Action Complaint                                                    Case No. _____

1    16.    Venue is proper in this Judicial district and the County of Sacramento because,

2    upon information and belief, Defendants reside in, are located in and/or are domiciled in this

3    county and maintain offices and transact business in this county, and work was performed by

4    members of the Plaintiff Class made the subject of this action in the County of Sacramento,

5    California. Venue is also proper in Sacramento County pursuant to Cal. Code of Civil Procedure

6    section 395(b) and/or section 395.5 in that Plaintiff was at all times relevant a resident of said

7    county and the county is the place where the harm occurred. Lastly, the unlawful acts alleged

8    herein have a direct effect on Plaintiff, and those similarly situated, within the State of California

9    and within Sacramento County, as well as other counties located in California.

10    17.    On information and belief, the California Superior Court has primary and original

11    jurisdiction in this matter because there is no federal question at issue, as the issues herein are

12    based solely on California statutes and law, including the California Vehicle Code and applicable

13    regulations promulgated by the California Department of Motor Vehicles, California Code of Civil

14    Procedure, applicable California Rules of Court, and the applicable provisions of the Business and

15    Professions Code. Plaintiff's claims and controversy arises solely under California law such that

16    the local case or controversy exception to federal jurisdiction exists and as alleged, the amount in

17    controversy is insufficient to satisfy 28 U.S.C. section 1332 (a) or section 1332(d) pursuant to the

18    Class Action Fairness Act ("CAFA"). To the extent there is any diversity, the case also falls into

19    the local case or controversy exception to CAFA jurisdiction and contains claims that are not

20    subject to federal jurisdiction. Plaintiff is informed and believes, and based thereupon alleges,

21    removal under the CAFA would be improper and that no federal subject matter jurisdiction or

22    supplemental jurisdiction exists over the matter.

23                                  **THE PARTIES**

24    **A. The Plaintiff and Standing**

25    18.    At all times relevant to this action, Plaintiff SCHRENK was and is the sole

26    proprietor of the fictitious business entity and duly licensed and authorized used car dealership

27    known as "THE CAR BARN," operating with all necessary local licenses and permits in

28    Sacramento County California.  His operational and DMV license number is 84565. As a direct,

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 11 -

1    legal and proximate cause of Defendants' illegal, fraudulent, unfair and deceptive business

2    practices and acts of operating as an unlicensed used car dealership in California, Plaintiff has

3    suffered direct, finite financial and competitive injury and harm, through lost sales and inability to

4    compete with the CARVANA Defendants, as a direct result of their unlawful acts of skirting and

5    avoiding the costs of doing business and a bona fide auto dealership in the State of California and

6    as regulated by the California DMV. Plaintiff's current business and dealership physical location is

7    649 West Elkhorn Blvd., Rio Linda, California 95673. Plaintiff has suffered actual harm and

8    pecuniary loss as a direct, legal and proximate result of Defendants' illegal conduct and acts of

9    unfair competition, all in an amount according to an accounting and in accordance with proof.

10   **B. The Defendants**

11       19.     Plaintiff is informed and believes, and based thereon alleges, that CARVANA,

12   LLC is an Arizona Limited Liability Company with its headquarters and principal place of

13   business located at 1930 West Rio Salado Parkway, Tempe, Arizona 85281. At present, California

14   Secretary of State and DMV records show no business address within the State of California and

15   no authorized license to do business in California as an auto dealership as defined by the California

16   Vehicle Code or applicable regulations.

17       20.     Plaintiff is informed and believes, and based thereon alleges, that CARVANA

18   GROUP, LLC is an Delaware Limited Liability Company with its headquarters and principal place

19   of business located at 1930 West Rio Salado Parkway, Tempe, Arizona 85281. At present,

20   California Secretary of State and DMV records show no business address within the State of

21   California and no authorized license to do business in California as an auto dealership as defined

22   by the California Vehicle Code or applicable regulations.

23       21.     Plaintiff is ignorant of the true names, capacities, relationships, and extent of

24   participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 100,

25   inclusive, but on information and belief alleges that said Defendants are legally responsible for the

26   conduct, business acts and unlawful, unfair and deceptive practices alleged herein, and therefore

27   sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the

28   true names and capacities of the DOE Defendants when ascertained as permitted by California

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 12 -

1    Code of Civil Procedure section 474.

2        22.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant

3    acted in all respects pertinent to this action as the agent of and/or in concert with the other

4    Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and

5    the acts of each Defendant are legally attributable to the other Defendants. Plaintiff is informed and

6    believes that CARVANA LLC, CARVANA GROUP, LLC and all DOE Defendants, for purposes

7    of employment policies, hiring, firing, human resources, wages, and benefits, act as a joint

8    employer or joint venture, such that CARVANA LLC, CARVANA GROUP, LLC and any DOE

9    Defendant are to be jointly and severally liable for the unlawful acts as hereinafter described.

10   Further, Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each

11   of them, each had knowledge and information sufficient to them to have authorized, ratified and

12   directed the acts of one another as their conduct relates to the Defendants' collective practices and

13   treatment of the proposed class of employees herein.

### CLASS ACTION ALLEGATIONS

15       23.    Plaintiff brings this action on behalf of himself, and all other similarly-situated

16   persons as a class action pursuant to California Code of Civil Procedure section 382. The class

17   which Plaintiff seeks to represent is composed of and defined as follows:

18       **Plaintiff Class:**

19       All California individuals or entities (irrespective of business form)
         duly licensed by the California Department of Motor Vehicles to
20       operate as dealerships for the marketing and sales of used motor
         vehicles at any time from four years prior to the commencement of
21       this action until the commencement of trial (or such earlier date as
         ordered by the Court) (the proposed "Class Period"), as identified
22       by automotive dealership licensee records maintained by the State
         of California.
23

24       24.    Further, Plaintiff seeks to certify a subclass of persons, individuals or entities

25   composed of and defined as follows:

26   ///

27   ///

28   ///

- 13 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1

**"The UCL Subclass":**

All members of the Plaintiff Class who, during the Class Period, who are owed restitution as a result of Defendants' unfair, unlawful and deceptive business acts and/or practices of engaging in used auto sales dealership activities in the State of California without any DMV issued dealership license.

25.    Further, Plaintiff seeks to certify a subclass of persons, individuals or entities composed of and defined as follows:

**"The FAL Subclass":**

All members of the Plaintiff Class who, during the Class Period, were provided incomplete disclosures as to vehicle costs advertised by or on behalf of Defendants for failure to accurately and truthfully state that list prices for used vehicles for sales that expressly disclaimed and excluded taxes, title and license fees.

26.    Further, Plaintiff seeks to certify a subclass of employees composed of and defined as follows:

**"The UPA Subclass":**

All members of the Plaintiff Class who, during the Class Period, had reduced or lost sales as a direct and proximate result of Defendants anticompetitive pricing activity as a "loss leader" for selling used vehicles in the State of California without incurring the necessary costs of fixed overhead dealership locations and DMV and local business licensing fees.

27.    Further, Plaintiff seeks to certify a subclass of employees composed of and defined as follows:

**"The Unjust Enrichment Subclass":**

All members of the Plaintiff Class who, during the Class Period suffered losses or diminished sales as a direct and legal result of the Defendants anticompetitive activities, from which the Defendants obtained ill-gotten profits and gains, at the expense of lawful market place competitors engaged in used vehicle sales in the State of California.

28.    Plaintiff reserves the right under Rule 3.765(b), California Rules of Court, to amend or modify the Plaintiff Class description with greater specificity or further division into subclasses or limitation to particular issues.

29.    This action has been brought and may be maintained as a class action pursuant to

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 14 -

1   Code of Civil Procedure section 382 because there is a well-defined common interest of many

2   persons and it is impractical to bring them all before the court.

3       30.    **Ascertainable Class**: The proposed Plaintiff class and each Subclass are

4   ascertainable in that their members can be identified and located using information maintained by

5   the California Department of Motor Vehicles and other state and local agencies that regulate used

6   car sale dealerships.

7       31.    **Numerosity**: The potential quantity of members of the Plaintiff Class and

8   Subclasses as defined is so numerous that joinder of all members would be unfeasible and

9   impractical. The disposition of their claims through this class action will benefit both the parties

10  and this Court. The quantity of members of the Plaintiff Class and Subclasses is unknown to

11  Plaintiff at this time. However, Plaintiff reasonably estimates that based on industry organization

12  membership that the number of individuals and business entities in the proposed class exceeds

13  1,000 members. The quantity and identity of such membership is readily ascertainable via

14  inspection California DMV licensee records, which are publically available.

15      32.    **Typicality**: The claims of Plaintiff for restitution, lost profits, treble damages,

16  and/or the disgorgement of Defendants ill-obtained profits, including, interest, and attorneys' fees

17  are typical of the claims of all members of the Plaintiff Class and Subclasses mentioned herein

18  because all members of the Plaintiff Class and Subclasses sustained similar injuries, losses, are

19  owed restitution and/or pecuniary economic damages arising out of Defendants' common course of

20  conduct in violation of law, and the injuries and damages of all members of the Plaintiff Class and

21  Subclasses were caused by Defendants' wrongful conduct in violation of law, as alleged herein.

22      33.    **Adequacy**: Plaintiff is an adequate representative of the Plaintiff Class and

23  Subclasses herein, will fairly protect the interests of the members of the Plaintiff Class and

24  Subclasses, has no interests antagonistic to the members of the Plaintiff Class and Subclasses, and

25  will vigorously pursue this suit via attorneys who are competent, skilled, and experienced in

26  litigating matters of this type. Class Counsel is competent and experienced in litigating large class

27  actions and whose attorneys have over 100 years of combined experience in handling class action

28  procedures and class action trials. Plaintiff has his interests in line with all other lawful and licensed

- 15 -

1  used car dealerships in the State of California and has not antagonism with any proposed Class
2  Members.

3      34.  **Superiority**: The nature of this action and the nature of laws available to Plaintiff
4  make use of the class action format a particularly efficient and appropriate procedure to afford
5  relief to Plaintiff for the wrongs alleged herein, as follows:

6      a.  This case involves large corporate Defendants and a sufficient numerous
7      group of individual Plaintiff Class Members with many relatively small
8      claims and common issues of law and fact;

9      b.  If each individual member of the Plaintiff Class and the Subclasses was
10      required to file an individual lawsuit, the large corporate Defendants would
11      necessarily gain an unconscionable advantage because Defendants would be
12      able to exploit and overwhelm the limited resources of each individual
13      member of the Plaintiff Class and Subclasses with Defendants' vastly
14      superior financial and legal resources;

15      c.  Requiring each individual member of each of the Plaintiff Class and
16      Subclasses to pursue an individual remedy would also discourage the
17      assertion of lawful claims by the members of the Plaintiff Class and
18      Subclasses who would be disinclined to pursue an action against Defendants
19      because of an appreciable and justifiable fear further anticompetitive conduct
20      permanent damage to their lawful dealership and business establishments;

21      d.  Proof of a common business practice or factual pattern, of which the
22      members of the Class and Subclasses experienced, is representative of the
23      Plaintiff Class and Subclasses herein and will establish the right of each of
24      the members of the Plaintiff Class and Subclasses to recover on the causes of
25      action alleged herein;

26      e.  The prosecution of separate actions by the individual members of the
27      Plaintiff Class and Subclasses, even if possible, would create a substantial
28      risk of inconsistent or varying verdicts or adjudications with respect to the

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 16 -

1    individual members of the Plaintiff Class and Subclasses against Defendants;

2    and which would establish potentially incompatible standards of conduct for

3    Defendants; and/or legal determinations with respect to individual members

4    of the Plaintiff Class and Subclasses which would, as a practical matter, be

5    dispositive of the interest of the other members of the Plaintiff Class and

6    Subclasses who are not parties to the adjudications or which would

7    substantially impair or impede the ability of the members of the Plaintiff

8    Class and Subclasses to protect their interests; and

9    f.   The claims of the individual members of the Plaintiff Class and Subclasses

10   are not sufficiently large enough to warrant vigorous individual prosecution

11   considering all of the concomitant costs and expenses attending thereto

12   without aggregation of claims and losses attributed to Defendants' illegal and

13   anti-competitive conduct.

14   g.   Furthermore, as the damages suffered by each individual member of the

15   Plaintiff Class may be relatively small, the expenses and burden of individual

16   litigation would make it difficult or impossible for individual members of the

17   Plaintiff Class to redress the wrongs done to them, while an important public

18   interest will be served by addressing the matter as a class action.

19   h.   The cost to the court system of adjudication of such individualized litigation

20   would be substantial. Individualized litigation would also present the

21   potential for inconsistent or contradictory judgment.

22   i.   Finally, the alternative of filing individual complaints or claims though

23   administrative process with the California DMV is not superior, given the

24   lack of discovery in such proceedings, the availability of fewer remedies, and

25   the fact that the losing party has the right to a trial de novo in the Superior

26   Court.

27   35.   **Existence and Predominance of Common Questions of Fact and Law**: There

28   are common questions of law and fact as to the members of the Plaintiff Class and Subclasses

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 17 -

1   which predominate over questions affecting only individual members of the Plaintiff Class and

2   Subclasses including, without limitation:

    a.  Whether Defendants' activities in the engagement of used auto sales in the State of California without appropriate and required DMV and other state, county and local business licenses violates the UCL and provision of the California Vehicle Code such that said Defendants are engage in unfair, deceptive and illegal business acts or practices in violation of Business & Professions Code sections 17200-17208;

    b.  Whether the Plaintiff Class and UCL Subclass Members are entitled to restitution due to lost or diminished sales as a direct and legal result of Defendants unlawful and unlicensed dealer sales activities for used vehicles in the State of California;

    c.  Whether Defendants engaged in false and misleading advertising of used vehicles in the State of California in violation of the FAL, Cal. Business & Professions Code section 17500, when advertising a list price of a vehicle but without a required disclosure and/or disclaimer that the list price excludes tax, title, license costs, that are necessarily incurred in the transfer or sale of a used vehicle;

    d.  Whether the Plaintiff Class and Subclass Members are entitled to treble damages as a proximate and legal result of Defendants' engagement in illegal and anti-competitive "loss leader" business practices by failing to pay the true costs of doing lawful business as a used vehicle dealer in the State of California in violation of the UPA, Cal. Business & Professions Code section 17030-17044;

    e.  Whether Plaintiff and the Plaintiff Class can obtain "treble damages" under the UPA for loss-leader conduct;

    f.  Whether Defendants' conduct resulted in improperly obtained profits and illegally increased market share of used car vehicle sales in California, such

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 18 -

that the Defendants were unjustly enriched at the expense of lost or diminished sales by legitimate, authorized and licensed use car dealerships in the State of California under common law and CACI 3903N. Defendants illegally obtained profits and gains can be calculated by transfer and sale records required to be reported and maintained by the California Department of Motor Vehicles and/or through an accounting of Defendants' California sales records (assuming they are maintained.)

g.   Whether the members of the Plaintiff Class and Subclasses are entitled to injunctive and/or declaratory relief;

h.   Whether the members of the Plaintiff Class and Subclasses are entitled to restitution;

i.   Whether Defendants are liable for pre-judgment interest; and

j.   Whether Defendants are liable for attorneys' fees and costs.

36.   **Manageability and Superiority of Class Action Procedure**:  The nature of this action, and the nature of laws available to Plaintiff, makes use of the class action format a particularly efficient and appropriate procedure to afford relief to Plaintiff for the wrongs alleged herein. Plaintiff and proposed Class Counsel will obtain necessary consultants, economists and accountants that can review the books, sales reports, DMV sales transaction records and articulate the nature of the claims for restitution, damages and disgorgement of ill-gotten profits by Defendants. Defendants' liability as a "loss leader" and anticompetitive conduct will be shown through representative corporate witness testimony, marketing and public filings by Defendants with the Security and Exchange Commission and other announcements, press releases and publically available statements and admissions as to the CARVANA Defendants operations as an illegal and unlicensed auto sales dealership in the State of California.

/ / /

/ / /

/ / /

/ / /

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 19 -

## CAUSES OF ACTION
## FIRST CAUSE OF ACTION

**Violation of Business & Profession Code §§ 17200-17208 for Engaging in Unlawful, Unfair and Deceptive Business Acts and/or Practices**
**(By Plaintiff and each Member of the UCL Subclass as Against each Defendant)**

37.     Plaintiff incorporates all preceding paragraphs of this complaint as though fully set forth herein.

38.     California Business & Professions Code section 17200 prohibits "unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising."

39.     California Business & Professions Code section 17203 provides in pertinent part: "Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 382 of the Code of Civil Procedure . . ."

40.     As alleged above, Defendants have and continue to unlawfully engage in unlicensed auto dealership sales and employ unlicensed and unregulated salespersons in the State of California in violation of California Vehicle Code sections 11713.1 *et seq.*, and lawfully promulgated regulations of the California Department of Motor Vehicles. California Vehicle Code section 11713.1 provides in pertinent part, that persons engaged in the sales of motor vehicles shall "Advertise the total price of a vehicle without including all costs to the purchaser at time of sale, except taxes, vehicle registration fees, the California tire fee, as defined in Section 42713.1885 of the Public Resources Code, emission testing charges not exceeding fifty dollars ($50), actual fees charged for certificates pursuant to Section 44060 of the Health and Safety Code, finance charges, and any dealer document processing charge or charge to electronically register or transfer the vehicle." Further, Section (c)(1) provides that dealers shall "Exclude from an advertisement of a

Class Action Complaint                                                    Case No. _____

1    vehicle for sale that there will be added to the advertised total price at the time of sale, charges for

2    sales tax, vehicle registration fees, the California tire fee, the fee charged by the state for the

3    issuance of a certificate of compliance or noncompliance pursuant to a statute, finance charges, a

4    charge to electronically register or transfer the vehicle, and a dealer document processing charge."

5    A seller satisfies this obligation if the advertisement is worded in substantially the following form:

6    'Plus government fees and taxes, any finance charges, any dealer document processing charge, any

7    electronic filing charge, and any emission testing charge.'"

8        41.    Here, after review of multiple internet advertisement made by the CARVANA

9    Defendants, each of them only disclose a based price for a vehicle and fail to disclose that the price

10   does not include taxes, title, license and transfer fees, in violation of law. This "bait and switch"

11   advertisement violates California Vehicle Code section 11713.1(o). All other used car dealerships

12   licensed by the DMV are required to include this language, and maintain a fixed permanent

13   business location of the vehicle, while CARAVANA does not. This conduct harms and injures

14   competition by allowing for CARVANA to play by a separate set of rules that are otherwise

15   required of any entity wishing to engage in retail vehicle sales in the State of California.

16       42.    Further, the CARVANA Defendants fail to comply with the prominent display of

17   an affixed "Buyers Guide" as required by the Federal Trade Commission (FTC) pursuant to 16

18   C.F.R. Part 455 and Vehicle Code section 11713.1(t). Defendants' conduct cause of action is

19   brought as a cumulative remedy as provided in Business and Professions Code section 17205, and

20   is intended as an alternative remedy for restitution for Plaintiff, each Plaintiff Class Member, and

21   each UCL Subclass Member, for the time period, or any portion thereof, commencing within four

22   (4) years prior to the filing of this complaint, and as the primary remedy for Plaintiff, each Plaintiff

23   Class Member, and each UCL Subclass Member for the time period of the fourth year prior to the

24   filing of this complaint, as such one-year time period exceeds the statute of limitations on statutory

25   wage claims.

26       43.    As a direct, legal and proximate result of the Defendants' unlawful and unfair

27   business practices, Plaintiff and members of the proposed UCL Subclass have suffered injury in

28   fact and harm in terms of lost sales and diminished profits in order to try to compete with the

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 21 -

CARVANA Defendants, who illegally and unfairly fail to pay the overhead costs necessary to run and operate a lawful and licensed auto dealership with licensed salespersons. When Defendants fail to comply with such requirements and regulations of the California DMV and the California Vehicle Code, not only does it cause injury to lawful competitors, but also harms the general public. Defendants simply claim they are not required to play by the same rules as other retail sellers of used vehicles in the State of California. By having no fixed physical location and being based outside of the State of California, Defendants attempt to insulate themselves from exposure to fraud, cheating, misrepresentations, deceptions and failure to comply with basic disclosure requirements in advertising and not paying their dues to operate as a business in California. They are essentially a free-rider with access to the most vehicle driven and populous state in the nation, while Plaintiff and others are paying full-fare to operate their businesses in compliance with law. Accordingly, Plaintiff will seek for himself, and other similarly licensed dealerships authorized by the DMV to engage in used auto sales, restitution from the Defendants based on lost or diminished sales and lowered profit margins caused by Defendants unlawful, unfair and deceptive business practices, in an amount according to proof.

44.     Plaintiff requests and will seek an order declaring that Defendants conduct of operating a used vehicle sales operation in California without appropriate DMV licensure constitutes unfair competition. Further, Plaintiff will seek orders granting preliminary and permanent injunctive relief prohibiting CARVANA from engaging in sales transaction of used motor vehicles in the State of California, until such time as they are in full compliance with all state, local and country licensing procedures, including required fixed and permanent business locations for sales transactions and any selling of "certified" used vehicles without a BAR certification license. By operating as a dealer, without paying proper fees for licensure to the DMV and the State of California (and local business licensing and Board of Equalization licensing), Plaintiff will seek to have Defendants cease and desist operations for cheating California consumers, taxpayers, and competitors, by acting as a free-rider with full access to all California consumers.

/ / /

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1    45.    Further, in addition to restitution, declaratory and injunctive relief, Plaintiff will

2   seek an award of reasonable attorneys' fees and costs, expenses for an accounting, based on

3   enforcement of a key and critical matter of public and concern pursuant to California Code of Civil

4   Procedure section 1021.5, in an amount according to proof and subject to Court approval.

5                                **SECOND CAUSE OF ACTION**
    **Violations of the False Advertising Law (FAL), Cal. Business & Professions Code § 17500**
6                                         **et seq.**
    **(By Plaintiff and all Members of the FAL Subclass Against all Defendants)**
7

8    46.    Plaintiff incorporates all preceding paragraphs of this complaint as if fully alleged

9   herein.

10    47.    California Business & Professions Code sections 17500, *et seq.* prohibits untrue or

11   misleading advertising that is known, or which reasonably should be known, to be untrue or

12   misleading.  A violation of California Business & Professions Code section 17500, *et seq.* is also a

13   violation of section 17200, *et seq.*, which prohibits "any unfair, deceptive, untrue or misleading

14   advertising." *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 210

15   (Cal. 1983).

16    48.    Vehicle Code section 11800 states that "It shall be unlawful for any person to act as

17   a vehicle sales person without first having procured a license or temporary permit issued by the

18   [DMV]."  Vehicle Code section 675 defines a "vehicle salesperson" in part, as any person who

19   under "any form of contract, agreement or arrangement with a dealer, for commission, money,

20   profit or other thing of value, sells, exchanges, buys or offers for sale, negotiates or attempts to

21   negotiate a sale or exchange of an interest in a vehicle." Maintaining and procuring a dealership

22   license or salesperson license from the DMV requires payment of recurring and renewal fees,

23   continuing consumer education and the requirement to be identified and use live-scan approval

24   pursuant to Vehicle Code section 11820.  For most dealerships, like Plaintiff, this cost to maintain

25   licensing and compliance costs several thousands of dollars per year, especially to maintain a

26   required and fixe permanent commercial retail business location to operate as a lawful dealership in

27   the sale of motor vehicles.

28   ///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 23 -

49.     The CARVANA Defendants engage in used auto sales in the State of California without procuring a dealership license, without procuring a fixed and permanent business location, and without any of the salesperson licensing required by the California Vehicle Code and applicable DMV regulations, all to the detriment of dealers and salespersons, like Plaintiff, who incur substantial costs of overhead to maintain and renew their business and dealership licenses and remain current with the DMV. In fact, the CARVANA Defendants' website flaunts the fact that it does not comply with dealership requirements by the false claim that it is not a "dealership" when in fact their entire business model is to engage actively in the sale of used vehicles in the State of California with increasing and larger market presence throughout the state since 2017-2018.

50.     As a direct, legal and proximate result of Defendants' illegal, unfair and deceptive conduct and business practices, Plaintiff and proposed Members of the FAL Subclass have suffered actual harm and injury in the loss or diminishment of sales directly related to the unfair and anticompetitive advantage exploited by CARVANA. Plaintiff, on behalf of himself and others similarly situated, will seek restitution from Defendants in an amount according to proof.

51.     Defendants' conduct and engagement in false and deceptive business practices, which includes engaging in used auto sales without a valid DMV or local business license, the use of advertisements that fail to disclaim and disclose that the list price for a vehicle does not include tax, title, license and transfer fees, and the failure to maintain a fixed business address for any disputes and to claim certification of used vehicles without a qualified BAR license or certification, and who fail to prominently display required FTC Buyer Guide data on each vehicle constitutes a fraud on the public and is anticompetitive to those entities and individuals who comply with law. Defendants even gloat that they are able to offer similar vehicles at lower cost than other "dealers" because they cut out the middle-man, do not have physical premises and do not maintain requisite licensure. Without payment of these overhead fixed costs, the CARVANA Defendants are able to sell vehicles at below otherwise retail costs to the public as a "loss leader," to the detriment of lawful acting competitors and with limited recourse by the public for any vehicle transaction gone wrong.

52.     Plaintiff requests and will seek an order declaring that Defendants' conduct of

- 24 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1   operating a used vehicle sales operation in California without the appropriate DMV licensure

2   constitutes unfair competition. Further, Plaintiff will seek orders granting preliminary and

3   permanent injunctive relief prohibiting the CARVANA Defendants from engaging in any sales

4   transactions of used motor vehicles in the State of California, until such time as they are in full

5   compliance with all state, local and country licensing procedures, including required fixed and

6   permanent business locations for sales transactions and any selling of "certified" used vehicles

7   without a BAR certification license. By operating as a dealer, without paying proper fees for

8   licensure to the DMV and the State of California (and local business licensing and Board of

9   Equalization licensing), Plaintiff will seek to have Defendants cease and desist operations for

10  cheating California consumers, taxpayers, and competitors, by acting as a free-rider with full

11  access to all California consumers.

12      53.     In addition to restitution, declaratory and injunctive relief, Plaintiff will seek an

13  award of reasonable attorneys' fees and costs, expenses for an accounting, based on enforcement of

14  a key and critical matter of public and concern pursuant to California Code of Civil Procedure §

15  1021.5, in an amount according to proof and subject to Court approval.

### THIRD CAUSE OF ACTION
**Violations of the Unfair Practices Act (UPA), Cal. Business & Professions Code §§ 17000-17044 (Loss Leader Anticompetitive Conduct)**
**(By Plaintiff and all Members of the UPA Subclass as against All Defendants)**

19      54.     Plaintiff incorporates all preceding paragraphs of this complaint as though fully set

20  forth herein.

21      55.     California Business & Professions Code section 17001 (the Unfair Practices Act or

22  UPA) provides: "The Legislature declares that the purpose of this chapter is to safeguard the public

23  against the creation or perpetuation of monopolies and to foster and encourage competition, by

24  prohibiting unfair, dishonest, deceptive, destructive, fraudulent and discriminatory practices by

25  which fair and honest competition is destroyed or prevented."

26      56.     California Business & Professions Code section 17002 states that "This chapter

27  shall be liberally construed that its beneficial purposes may be served."

28      57.     California Business & Profession Code section 17026 defines "Costs" as "as

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 25 -

applied to production includes the cost of raw materials, labor, and all overhead expenses of the producer" and section 17029 provides that "Cost of doing business" or "overhead expense" means all costs of doing business incurred in the conduct of the business and shall include without limitation the following items of expense: labor (including salaries of executives and officers), rent, interest on borrowed capital, depreciation, selling cost, maintenance of equipment, delivery costs, credit losses, all types of licenses, taxes, insurance and advertising.

58.    California Business & Professions Code section 17030 defines "loss leader" as "any article or product sold at less than cost:

> (a)    Where the purpose is to induce, promote or encourage the purchase of other merchandise; or
>
> (b)    Where the effect is a tendency or capacity to mislead or deceive purchasers or prospective purchasers; or
>
> (c)    Where the effect is to divert trade from or otherwise injure competitors."

59.    California Business & Professions Code section 17044 states: "It is unlawful for any person engaged in business within this State to sell or use any article or product as a "loss leader" as defined in Section 17030 of this chapter."

60.    California Business & Professions Code section 17070 states: "Any person or trade association may bring an action to enjoin and restrain any violation of this chapter and, in addition thereto, for the recovery of damages."

61.    Defendants' public filings, public statements and press releases, as well as Defendants' website, all demonstrate that the CARAVANA Defendants, and any officers, directors and managing agents, had and continue to have express intent to sell vehicles in the State of California without compliance with licensing, advertising and other laws and regulations promulgated by the DMV or the Franchise Tax Board, for the express reason of lowering retail costs of used vehicle sales by not paying overhead, costs, rent, commissions or compliance with basic disclosures and certification requirements as otherwise imposed on dealerships and salespersons lawfully licensed in California. Plaintiff reasonably estimates that Defendants' conduct in loss leader activity allows them to take less than a 50% profit margin on vehicles sales

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 26 -

1    as compared to licensed dealers and "vehicle salespersons." For example, if Plaintiff and proposed

2    Class Members require at least a $500 profit margin to continue fix overhead cost maintenance for

3    the sale of used vehicles, Plaintiff estimates, subject to review of accounting and books as

4    expressly permitted by California Business & Professions Code section17084, that the CARVANA

5    Defendants can continue operations for only $250 net profit margin per unit sold since they do not

6    pay (and gloat about that fact in their marketing and S.E.C. filings) licensing and physical business

7    location overhead costs otherwise required by all other retail sellers of vehicles.

8        62.    The UPA provides that "In any action under this chapter, it is not necessary to

9    allege or prove actual damages or the threat thereof, or actual injury or the threat thereof, to the

10   plaintiff. But, in addition to injunctive relief, any plaintiff in any such action shall be entitled to

11   recover three times the amount of the actual damages, if any, sustained by the plaintiff, as well as

12   three times the actual damages, if any, sustained by any person who has assigned to the plaintiff his

13   claim for damages resulting from a violation of this chapter." In this case, Plaintiff reasonably

14   estimates that since CARVANA entered the California market and engaged in below cost (no

15   overhead) loss leader conduct, that he has lost over 100 sales and expected profits of over $50,000

16   since July 2017, subject to confirmation by accounting. Plaintiff will seek treble damages legally

17   and proximately caused by Defendants' anticompetitive conduct and false advertising, in an

18   amount according to proof on behalf of himself and other lawfully licensed retail dealerships in the

19   State of California during the proposed Class Period.

20       63.    Plaintiff will also seek declaratory and preliminary/permanent injunctive relief

21   from the Court to (1) demonstrate that the CARAVANA Defendants are actively engaged in used

22   auto sales, leasing and finance in the State of California without compliance with all licensing and

23   location requirements for dealers and salespersons as mandated by the Vehicle Code and DMV

24   regulations and (2) that Defendants' conduct is anticompetitive loss leader conduct by failing to

25   pay market entry costs and overhead necessary to engaged in used vehicle retail sales in the State

26   of California, and will seek to enjoin further retail sales activity until such time as the Defendants

27   comply with dealership and salesperson licensing laws and regulations.

28       64.    Pursuant to either California Code of Civil Procedure § 1021.5 or as permitted by

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 27 -

California Business & Professions Code § 17082, Plaintiff will seek reasonable attorney's fees and costs of suit in an amount according to proof and subject to Court approval.

**FOURTH CAUSE OF ACTION**
**Common Law Claim for Unjust Enrichment and Disgorgement of Profits**
**(By Plaintiff and all Members of the proposed "Unjust Enrichment Subclass" Against All Defendants)**

65.     Plaintiff incorporates all preceding paragraphs of this complaint as though fully set forth herein.

66.     Under the UCL, the FAL and the UPA, there is no right of statutory recovery of ill-gotten gain or disgorgement of profits based upon the net profit per unit sale by Defendants for unlicensed dealing of auto sales during the proposed class period. Under each statutory cause of action, Plaintiff and the proposed Class and Subclasses he seeks to represent pursuant to the UCL, the FAL and the UPA, are limited to, respectively, restitution for lost or diminished sales, injunctive relief, and actual and/or potentially treble damages - not disgorgement of net profit obtained. Under the Restatement (Third) of Restitution and Unjust Enrichment, section 44(3)(d), disgorgement of ill-obtain profits by a wrongdoer are recoverable so long as such recovery does not "conflict with liabilities or penalties for the interference provided by other law." (See, *In re: New Mother Vehicles Canadian Export Antitrust Litigation* (2004) 350 F.Supp. 2d 160.

67.     Therefore, in addition to all statutory remedies under the UCL, FAL and UPA, Plaintiff, on behalf of himself and other lawfully operating and licensed dealerships in California, seek, at common, the recovery in to a fluid common fund, of all Defendants' net illegally obtain profits as shown by examination of sale report records and transfer records maintained by the State of California's Department of Motor Vehicle sales division.

68.     The measure for disgorgement of profits as permitted by common law is the benefit unjustly retained by the Defendants, or "the net increase in the assets obtained by the wrongdoer to the extent this increase is attributable to the underlying wrong." (See, Restatement (Third) of Restitution and Unjust Enrichment (2011) at section 51(4). Such a recovery is subject to equity so long as the Plaintiff does not obtain an inappropriate windfall. (*Id.* at section 44(3)(b)). Disgorgement of net profits obtained by Defendants for the illicit and unlicensed engagement of

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 28 -

1 | sales of used auto as a retailing in California does not conflict with remedies of restitution,

2 | damages or injunctive and/or declaratory relief.

3 | 69. Plaintiff alleges that all of the preceding described conduct constitutes classic

4 | unlawful, unfair and anticompetitive activity designed to disrupt and harm lawfully operating

5 | dealership competitors, vis-à-vis CARVANA. Based on information and belief, and supported by

6 | public filings, announcement and advertisement by the CARVANA Defendants, Plaintiff alleges

7 | that Defendants' conduct was intended to and is still intended to injury competition by failing to

8 | pay the required overhead costs of doing retail car sales business in the State of California, failing

9 | to fund the state for licensing and enforcement fees, and failing the public by having no oversight

10 | over unscrupulous persons engaged in "vehicle sales" without a valid license.

11 | 70. Here, based on the CARVANA Defendants illegal and anticompetitive conduct,

12 | Plaintiffs will seek, as a separate and additional remedy, the disgorgement of profits obtained by

13 | Defendants for sales during the proposed Class Period in the State of California after audit and

14 | accounting of all available sales reports and books maintained by either the California Department

15 | of Motor Vehicles or Defendants' own accounting records, in an amount according to proof.

16 | **PRAYER FOR RELIEF**

17 | WHEREFORE, based on the foregoing allegations, Plaintiff prays for judgment as follows:

18 | a. That the Court issue an Order certifying that this action may be maintained as a class
19 | action as permitted by California Code of Civil Procedure § 382, and certify the
20 | Plaintiff Class and Subclasses herein, appointing the named Plaintiff, KEITH
   | SCHRENK, as representative of all others similarly situated, and appointing the law
   | firm of Cohelan Khoury & Singer as adequate class counsel for the members of the
21 | proposed Plaintiff Class and Subclasses;

22 | **As to the First Cause of Action for Violations of the UCL:**

23 | b. For restitution and/or lost or diminished sales for the Plaintiff Class and the UCL
   | Subclass legally caused by Defendants' anticompetitive business acts and/or
24 | unlawful, unfair and deceptive business practices, in an amount according to proof;

25 | c. For an accounting, under administration of Plaintiff and/or the receiver and subject
   | to Court review, to determine the amount restitution owed, and the amounts to be
26 | paid to members of the Plaintiff Class and Subclasses, subject to court approval and
   | in an amount according to proof;

27 | 

28 | d. For an Order directing state and local governmental agencies to identify each of the
   | members of the Plaintiff Class and Subclasses by name, address and licensure as

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 29 -

vehicle dealerships under the California Vehicle Code;

e. For an Order requiring Defendants to make full restitution and payment to the Plaintiff Class and the UCL Subclass due to unfair competition, including disgorgement of their wrongfully obtained profits, pursuant to California Business and Professions Code sections 17203 and 17204;

f. For an Order granting preliminary and/or permanent injunction prohibiting Defendants from continuing the illegal course of conduct, alleged herein;

g. That Defendants further be enjoined to cease and desist from unfair competition in violation of sections 17200, *et seq.* of the California Business and Professions Code;

h. That Defendants be enjoined from further acts of restraint of trade or unfair competition;

i. For the creation of an administrative process or constructive trust wherein each injured member of the Plaintiff Class and Subclasses may submit a claim in order to receive restitution for losses sustained as a result of Defendants' unlawful, unfair and deceptive business acts and/or practices;

j. For all legal pre-judgment and post-judgment interest to the extent permitted by law;

k. For an award of attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to Civil Code section 1021.5, Business and Professions Code sections 17200, *et seq.*, and/or any other applicable provision of law;

**As to the Second Cause of Action for Violations of the FAL:**

l. For declaratory relief in determining that Defendants engage in false, misleading and deceptive advertisements by failing to include disclaimer and notation that all vehicle pricing is subject to taxes, title and license (or other dealer fees) as required by the California Vehicle Code and by regulations promulgated by the California Department of Motor Vehicles;

m. For an Order granting preliminary and/or permanent injunctive relief so as to require advertisements for used vehicle sales by Defendants to include required language as to pricing, identify a fixed permanent business location and to require Defendants to otherwise comply with conditions for engaging in dealership and salesperson auto sales in the State of California;

**As to the Third Cause of Action for Violations of UPA:**

n. For recovery of actual damages incurred by Plaintiff and members of the UPA Subclass as a legal result of Defendants' "loss leader" anti-competitive conduct, in an amount according to proof;

o. For an award of *treble damages* as permitted by law based on Defendants' anticompetitive "loss leader" conduct in violation of Business & Professions Code §

- 30 -

Class Action Complaint                                    Case No. _____

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

17030-17044, in an amount according to proof;

p. For an order granting preliminary and/or permanent injunctive relief as permitted by California Business & Professions Code section 17070 so as to enjoin Defendants from engaging in dealership sales of used motor vehicles without a dealership and salesperson licensing as required by Vehicle Code section 285;

q. For an award of reasonable attorneys' fees and costs of suit as required by California Business & Professions Code section 17082, or alternatively, to the extent permitted by California Civil Code section 1021.5 based on a theory of obtaining a public benefit by enforcement of important public policies recognized by the State of California for lawful competition and transparency for auto sales to the public at large;

## As to the Fourth Cause of Action for Unjust Enrichment:

r. For an accounting of all profits made by Defendants for auto sales in the State of California during the proposed Class Period, based on DMV and sales reporting records as permitted by California Business & Professions Code 17200 et seq.;

s. For disgorgement of Defendants' ill-obtained gains and disgorgement of profits earned by engaging in unlawful and anti-competitive acts or business practices by engaging in auto dealership activities in the State of California without any dealership or vehicle salesperson licensing as required by the California Vehicle Code and DMV regulations, in an amount according to proof and to be equitably distributed to member of the "Unjust Enrichment" Subclass in an amount subject to proof and subject to Court approval;

t. For an equitable injunction, precluding further auto sales by Defendants in the State of California unless and until they comply with licensing and physical location requirements of the California Vehicle Code and applicable regulations of the California Department of Motor Vehicles;

u. For reasonable attorney's fees and costs of suit, including costs necessary for class notice and accounting, for obtaining a public benefit by enjoining acts of unfair and anti-competitive behavior in the State of California by Defendants, to the extent permitted by California Code of Civil Procedure section 1021.5, and subject to Court approval;

## As to All Causes of Action:

v. For any pre-judgment or post-judgment interest on fixed and ascertainable actual damages, to the extent permitted by California law, according to proof, at the legal rate of interest (10% per annum);

w. For recovery of civil penalties, if any, to the extent permitted to be recovered by Plaintiff acting as a private attorney general in the enforcement of California's Unfair Competition Law, False Advertising Law and Unfair Trade Practices Act, in an amount according to proof and subject to Court approval;

x. For costs of suit to the extent authorized by California Business & Profession Code section 17082 and/or California Code of Civil Procedure sections 1032-1033.5;

- 31 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

y.  For reasonable attorneys' fees and costs incurred, including expert fees, as required to maintain a class action and for obtaining a public benefit to ensure fair competition to the extent permitted by California Business & Professions Code § 17082 and/or Code of Civil Procedure section 1021.5, subject to Court approval;

z.  For such other and further relief as this Court may deem equitable, just and proper.

Dated: May 23, 2019                           **COHELAN KHOURY & SINGER**

                                              By: _____
                                                    Timothy D. Cohelan, Esq.
                                                    Isam C. Khoury, Esq.
                                                    J. Jason Hill, Esq.
                                                    Attorneys for Plaintiff KEITH SCHRENK

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

Dated: May 23, 2019                           **COHELAN KHOURY & SINGER**

                                              By: _____
                                                    Timothy D. Cohelan, Esq.
                                                    Isam C. Khoury, Esq.
                                                    J. Jason Hill, Esq.
                                                    Attorneys for Plaintiff KEITH SCHRENK

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 32 -

Class Action Complaint                                        Case No. _____

RECEIVED
MAIN LOBBY DROP BOX

2019 MAY 24   PM 3: 11

CDSSC COURT HOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| J. Jason Hill, Esq. (SBN 179630)<br>COHELAN KHOURY & SINGER<br>605 C Street, Suite 200<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-595-3001  FAX NO.: 619-595-3000<br>ATTORNEY FOR *(Name):* Plaintiff Keith Schrenk, dba "The Car Barn" | **FILED/ENDORSED**<br>MAY 24 2019<br>By: ____ J. Mora ____<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, 95814
BRANCH NAME: Gordon D. Schaber Courthouse

CASE NAME:
Schrenk v. Carvana, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 34-2019-00257244 |
|---|---|---|
| ☑ Unlimited ☐ Limited<br>(Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* Four (4)
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 23, 2019
J. Jason Hill, Esq.
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

RECEIVED
MAIN LOBBY DROP BOX

2019 MAY 24   PM 3: 11

GDSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

# EXHIBIT 2

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED/ENDORSED

MAY 2 4 2019

By: _____ J. Mora _____
Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CARVANA, LLC, an Arizona Limited Liability Company; CARVANA
GROUP, LLC, a Delaware Limited Liability Company; and DOES 1 through
100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KEITH SCHRENK, dba "THE CAR BARN," on behalf of himself
and all other persons similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* Sacramento Superior Court | *(Número del Caso):* |
| Gordon D. Schaber Courthouse | **34-2019-00257244** |
| 720 9th Street, Sacramento, CA 95814 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
J. Jason Hill, Esq., Cohelan Khoury & Singer, 605 C Street, Suite 200, San Diego, California; (619) 595-3001

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* **MAY 2 4 2019** | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

RECEIVED
MAIN LOBBY DROP BOX.

2019 MAY 24   PM 3: 11

GDSSC COURT HOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

# EXHIBIT 3

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Timothy D. Cohelan, Esq. (SBN: 60827) / Isam C. Khoury, Esq. (SBN: 58759) / J. Jason Hill, Esq. (SBN: 179630)
**COHELAN KHOURY & SINGER**
605 C STREET, SUITE 200
SAN DIEGO , CA 92101
TELEPHONE NO.: (619) 595-3001           FAX NO. *(Optional):* (619) 595-3000
E-MAIL ADDRESS *(Optional):* tcohelan@ckslaw.com / ikhoury@ckslaw.com / jhill@ckslaw.com
ATTORNEY FOR *(Name):* Plaintiff

**FILED/ENDORSED**

**JUN 27 2019**

By: _C. Koposesky_
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**
STREET ADDRESS: 720 9TH STREET
MAILING ADDRESS: SAME AS ABOVE
CITY AND ZIP CODE: SACRAMENTO, CA 95814
BRANCH NAME: GORDON D. SCHABER COURTHOUSE

PLAINTIFF/PETITIONER: KEITH SCHRENK, dba "THE CAR BARN," et al.

DEFENDANT/RESPONDENT: CARVANA, LLC, etc., et al.

| **PROOF OF SERVICE OF SUMMONS** | CASE NUMBER:<br>**34-2019-00257244** |
|---|---|
| | Ref. No. or File No.:<br>COHKHSD-0106936.CC |

**BY FAX**

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Summons
   b. ☑ Class Action Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-Complaint
   f. ☐ Other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      Carvana, LLC, an Arizona Limited Liability Company

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
      under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

      CSC Lawyers Incorporating Service, Agent for Service, by serving to LAI SAERANG, Authorized

4. Address where the party was served: 2710 Gateway Oaks Drive, Suite 150N, SACRAMENTO, CA 95833

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed item 2 to the party or person authorized to
         receive service of process for the party (1) on *(date):* 06/13/19       (2) at *(time):* 12:40PM
   b. ☐ **by substituted service.** On *(date):*         at *(time):*         I left the documents listed in item 2 with or
         in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
            of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
            place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
            address of the person to be served, other than a United States Postal Service post office box. I informed
            him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
            at the place where the copies were left (Code Civ.Proc., § 415.20). I mailed the documents on
            *(date):*         from *(city):*         **or** ☐ a declaration of mailing is attached.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**   Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: KEITH SCHRENK, dba "THE CAR BARN," et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CARVANA, LLC, etc., et al. | 34-2019-00257244 |

       (5) ☐   I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5. c. ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

      (1) on *(date):*                  (2) from *(city):*

      (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt).* (Code Civ. Proc., § 415.30.)

      (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐   **by other means** *(specify means of service and authorizing code section):*

     ☐   Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐   as an individual defendant.
  b. ☐   as the person sued under the fictitious name of *(specify):*
  c. ☐   as occupant.
  d. ☑   On behalf of *(specify):*   Carvana, LLC, an Arizona Limited Liability Company
     under the following Code of Civil Procedure section:

      ☐ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
      ☑ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                                   ☐ other:

7. **Person who served papers**
  a. Name: BYRON DONEZA
  b. Address: PO Box 861057, Los Angeles, California 90086
  c. Telephone number: (213) 975-9850
  d. **The fee** for service was: $ 155.00
  e. I am:
    (1) ☐   not a registered California process server.
    (2) ☐   exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑   registered California process server:
       (i) ☐ owner   ☐ employee   ☑ independent contractor
       (ii) Registration No.:2018-54
       (iii) County: SACRAMENTO

8. ☑   **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    *or*

9. ☐   I am a **California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: 6/19/2019

          BYRON DONEZA                ▶
   (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)          (SIGNATURE )



RECEIVED
IN DROP BOX

2019 JUN 27  PM 3: 49

DOWNTOWN COURTHOUSE
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Timothy D. Cohelan, Esq. (SBN: 60827) / Isam C. Khoury, Esq. (SBN: 58759) / J. Jason Hill, Esq. (SBN: 179630)<br>**COHELAN KHOURY & SINGER**<br>605 C STREET, SUITE 200<br>SAN DIEGO , CA 92101<br>   TELEPHONE NO.: (619) 595-3001          FAX NO. *(Optional):* (619) 595-3000<br>E-MAIL ADDRESS *(Optional):* tcohelan@ckslaw.com / ikhoury@ckslaw.com / jhill@ckslaw.com<br>ATTORNEY FOR *(Name):* Plaintiff | **FILED/ENDORSED**<br>JUN 27 2019<br>By: _C. Koposesky_<br>Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO | |
|---|---|
| STREET ADDRESS: 720 9TH STREET | |
| MAILING ADDRESS: SAME AS ABOVE | |
| CITY AND ZIP CODE: SACRAMENTO, CA 95814 | |
| BRANCH NAME: GORDON D. SCHABER COURTHOUSE | |

| PLAINTIFF/PETITIONER:  KEITH SCHRENK, dba "THE CAR BARN," et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  CARVANA, LLC, etc., et al. | 34-2019-00257244 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>COHKHSD-0106937.CC |
|---|---|

BY FAX

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:
    a. ☑ Summons
    b. ☑ Class Action Complaint
    c. ☑ Alternative Dispute Resolution (ADR) package
    d. ☑ Civil Case Cover Sheet
    e. ☐ Cross-Complaint
    f. ☐ Other *(specify documents):*

3.  a. Party served *(specify name of party as shown on documents served):*
       Carvana Group, LLC, a Delaware Limited Liability Company

    b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
       under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

       CSC Lawyers Incorporating Service, Agent for Service, by serving to LAI SAERANG, Authorized

4.  Address where the party was served: 2710 Gateway Oaks Drive, Suite 150N, SACRAMENTO, CA 95833

5.  I served the party *(check proper box)*
    a. ☑ **by personal service.** I personally delivered the documents listed item 2 to the party or person authorized to
          receive service of process for the party (1) on *(date):*  06/13/19          (2) at *(time):*  12:40PM
    b. ☐ **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or
          in the presence of *(name and title or relationship to person indicated in item 3):*

       (1) ☐   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
                 of the person to be served. I informed him or her of the general nature of the papers.
       (2) ☐   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
                 place of abode of the party. I informed him or her of the general nature of the papers.
       (3) ☐   **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
                 address of the person to be served, other than a United States Postal Service post office box. I informed
                 him or her of the general nature of the papers.
       (4) ☐   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
                 at the place where the copies were left (Code Civ.Proc., § 415.20). I mailed the documents on
                 *(date):*          from *(city):*          or ☐ a declaration of mailing is attached.

Page 1 of 2

| PLAINTIFF/PETITIONER:  KEITH SCHRENK, dba "THE CAR BARN," et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  CARVANA, LLC, etc., et al. | 34-2019-00257244 |

    (5) ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5.  c. ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                (2) from *(city):*

    (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me.* *(Attach completed Notice and Acknowledgement of Receipt).* (Code Civ. Proc., § 415.30.)

    (4) ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐  Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐  as an individual defendant.
  b. ☐  as the person sued under the fictitious name of *(specify):*
  c. ☐  as occupant.
  d. ☑  On behalf of *(specify):*  Carvana Group, LLC, a Delaware Limited Liability Company
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)      ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)   ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
    ☑ 416.40 (association or partnership)  ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)       ☐ 415.46 (occupant)
                         ☐ other:

7. **Person who served papers**
  a.  Name: BYRON DONEZA
  b.  Address: PO Box 861057, Los Angeles, California 90086
  c.  Telephone number: (213) 975-9850
  d.  **The fee for service was: $** 155.00
  e.  I am:
    (1) ☐  not a registered California process server.
    (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑  registered California process server:
      (i) ☐ owner   ☐ employee  ☑ independent contractor
      (ii) Registration No.:2018-54
      (iii) County: SACRAMENTO

8. ☑  **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**
  or
9. ☐  **I am a California sheriff or marshal and I certify that the foregoing is true and correct.**

Date: 6/19/2019

BYRON DONEZA
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

►                                                        (SIGNATURE )

RECEIVED 
IN DROP BOX

2019 JUN 27  PM 3:49

CLERK/EXAM COORDINATOR
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

# EXHIBIT 4



**Superior Court of California, County of Sacramento**
720 Ninth Street Sacramento, CA 95814-1380 (916)
874-5522—Website www.saccourt.ca.gov

## NOTICE AND ORDER OF COMPLEX CASE DETERMINATION

Case Title: _Schenk vs. Caavana_          Case Number: _2019 - 2572 4/4_

Having reviewed and considered the pleadings on file, the court orders:

☐ **THE CASE IS DEEMED COMPLEX** and assigned to the Honorable _____

presiding in Department _____ for case management pursuant to 3.750, et seq. of the California Rules of Court.

**This action involves one or more of the following:**

☐ Antitrust or trade regulation claims.               ☐ Claims involving mass torts.

☐ Construction defect claims involving many            ☐ Claims involving class actions.
parties or structures.

☐ Securities claims or investment losses              ☐ Insurance coverage claims arising out of any of the
involving many parties.                               claims listed above.

☐ Environmental or toxic tort claims involving
many parties.

**The action is likely to involve:**

☐ Numerous pretrial motions raising                   ☐ Coordination with related actions pending in
difficult or novel legal issues that will             one or more courts in other counties, states, or
be time-consuming to resolve.                         countries, or in a federal court.

☐ Management of a large number of                     ☐ Substantial post judgment judicial supervision.
witnesses or a substantial amount of
documentary evidence.

☐ Management of a large number of                     ☐ Other:_____
separately represented parties.                       _____

Government Code section 70616 establishes the fees for complex cases. Pursuant to Government Code section
70616, any non-exempt party who has appeared in this action, but who has not paid the required complex case
fee, is ordered to pay the fee to the clerk within ten calendar days of the filing of this order. Failure to pay the
required fees shall have the same effect as the failure to pay a filing fee, and shall be subject to the same
enforcement and penalties. (Cal. Gov. Code § 70616(g).)

☒ **THE CASE IS DECLARED NOT COMPLEX.**

Any complex case fees that the parties have previously paid pursuant to 70616(a) or (b) shall be reimbursed upon
submission of a refund request together with a copy of this minute order by the paying party to the Court's Civil
General Civil Processing Unit. It may be submitted by mail or placed in one of the Civil Drop Boxes located in
Room 102 and the lobby of the Gordon D. Schaber Courthouse at 720 9th Street, Sacramento CA 95814.

The plaintiff is directed to serve all other parties with a copy of this order.

Date: _6-25-19_          Signed: _____
                                   Presiding Judge of the Superior Court
                                   of California, County of Sacramento

CV/I-205 PJ (Rev: 02/2019)          Notice and Order of Complex Case Determination – Presiding Judge

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**

Gordon D Schaber Courthouse
720  Ninth STREET
Sacramento, CA 95814-1311

**SHORT TITLE:** Schrenk vs. Carvana LLC

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**34-2019-00257244-CU-BT-GDS** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of Notice and Order of Complex Case Determination was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at Sacramento, California, on 06/26/2019.

Clerk of the Court, by: _/s/ N. Smith_____ , Deputy

TIMOTHY  D COHELAN
605  C STREET # 200
SAN DIEGO,  CA   92101 US

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 1

Code of Civil Procedure , § CCP1013(a)

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 720 Ninth STREET<br><br>MAILING ADDRESS: 720 Ninth STREET<br><br>CITY AND ZIPCODE: Sacramento, CA 95814-1311<br><br>BRANCH NAME: Gordon D Schaber Courthouse<br><br>PHONE NUMBER: (916) 874-5522 | |

| SHORT TITLE: Schrenk vs. Carvana LLC | |
|---|---|

| NOTICE OF CASE MANAGEMENT CONFERENCE<br>AND ORDER TO APPEAR | CASE NUMBER:<br>34-2019-00257244-CU-BT-GDS |
|---|---|

## Hearing Date

The above entitled action has been set for a case management conference at 08:30 AM on 12/26/2019 in Department 39 in accordance with California Rules of Court 212. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

## Case Management Statement

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

## Minimum Requirements

Prior to the filing of the case management statement, the parties should have done the following:
 -Served all parties named in the complaint within 60 days after the summons has been issued
 -Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
 -Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

## Tentative Ruling

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

## Case Management Orders

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

## Service of Case Management Notice

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

## Certification Filed in Lieu of Case Management Statement

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

---

**NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR**

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 06/26/2019

_____

David W. Abbott, Judge of the Superior Court

---

**NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR**

Page: 2

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**

Gordon D Schaber Courthouse
720 Ninth STREET
Sacramento, CA 95814-1311

**SHORT TITLE:** Schrenk vs. Carvana LLC

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**34-2019-00257244-CU-BT-GDS** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at Sacramento, California, on 06/27/2019.

Clerk of the Court, by: _/s/ J. Houston_ _____ , Deputy

TIMOTHY D COHELAN
605 C STREET # 200
SAN DIEGO, CA 92101 US

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 1

Code of Civil Procedure , § CCP1013(a)