UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH SCHRENK, dba THE CAR BARN,<br><br>             Plaintiff,<br><br>       v.<br><br>CARVANA, LLC; and CARVANA GROUP, LLC,<br><br>             Defendants. | No. 2:19-cv-01302-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Defendants Carvana, LLC and Carvana Group, LLC's ("Defendants") Motion to Dismiss (ECF No. 11). Plaintiff Keith Schrenk, doing business as The Car Barn ("Plaintiff") opposes the Motion (ECF No. 13), and Defendants have replied (ECF No. 14). For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED with leave to amend.

 **I.**  **FACTUAL AND PROCEDURAL BACKGROUND**

On May 24, 2019, Plaintiff filed the present action in the Superior Court of the State of California, County of Sacramento. (*See* ECF No. 1.) On July 12, 2019, Defendants removed the action to this Court. (*Id.*) By way of the operative Complaint, Plaintiff alleges Defendants operated an unlicensed used car dealership in California and as a result engaged in anticompetitive business practices and "loss leader" conduct. (*Id.* at ¶ 1.) Plaintiff asserts

1

1  Defendants were able to sell vehicles at below market prices because they did not have to pay the
2  cost of complying with state regulations, which injured law-abiding competitors. (*Id.* at ¶ 3.)
3  Plaintiff alleges Defendants began operating an unlicensed dealership in or around mid-2018 and
4  did not seek or obtain any license from the California Department of Motor Vehicles ("DMV") or
5  other business licensing entity. (*Id*. at ¶¶ 4(a), 4(b).) Plaintiff alleges Defendants did not
6  maintain a physical location in California in violation of the California Civil Code and applicable
7  DMV regulations. (*Id*. at ¶ 4(c).)
8  Plaintiff asserts Defendants engaged in marketing and sales activities with list prices that
9  did not disclose the exclusion of fees, taxes, title, and licensing charges, all in violation of the
10 California Vehicle Code. (*Id*. at ¶¶ 4(d), 40, 41.) Plaintiff alleges he observed Defendants
11 operating out of a physical location and that each vehicle being delivered to Defendants'
12 customers did not have a prominently displayed "Buyer's Guide," which is required by state law
13 and Federal Trade Commission regulations. (*Id.* at ¶¶ 4(e), 42.) Plaintiff alleges he contacted the
14 California DMV to report Defendants' activities and was informed the agency did not believe it
15 had the ability to regulate Defendants' activity since it did not have a physical location in the
16 state. (*Id.* at ¶¶ 4(f), 10.)
17 Plaintiff alleges Defendants unlawfully employed used car salespersons without meeting
18 proper licensing requirements, and further asserts the use of unlicensed salespersons, even those
19 outside the State of California, is illegal, unlawful, deceptive, and fraudulent. (*Id*. at ¶¶ 4(g),
20 4(h).) Plaintiff alleges Defendants' unlicensed activities harm consumers by forcing them to sign
21 arbitration agreements and falsely advertising to buyers they charge "no hidden fees" and that
22 their vehicles are "certified." (*Id.* at ¶¶ 4(l), 4(m).) Plaintiff also asserts Defendants have
23 engaged in "loss-leader" activities by placing vehicles for sale under market value, which
24 Defendants are able to do because they do not incur all the necessary costs and expenses of
25 running and operating a bona fide dealership in California. (*Id.* at ¶¶ 4(n).)
26 Plaintiff alleges his sales had increased annually since 2014, but due to Defendants' entry
27 into the market, his sales decreased by over 100 vehicles in 2018. (*Id.* at ¶ 6.) Plaintiff further
28 alleges that in 2019, sales appeared to be lower than in 2018, and asserts these losses were due to

1  Defendants' activity. (*Id*. at ¶ 7.) Plaintiff asserts Defendants have no physical location in
2  California but advertise throughout the State as an online automotive retail platform that intends
3  to "remov[e] the traditional dealership infrastructure and replac[e] it with technology and
4  exceptional customer service." (*Id.* at ¶ 8.)

5  Plaintiff alleges lawful used car dealers have suffered injury-in-fact by way of lost sales,
6  diminished profits, and lower profit margins due to Defendants' conduct. (*Id.* at ¶ 43.) Plaintiff
7  asserts Defendants' failure to comply with state law constitutes a fraud on the public and is anti-
8  competitive to those who follow the law because Defendants' conduct allows it to sell vehicles at
9  a lower price than other compliant dealers. (*Id.* at ¶ 51.) Plaintiff asserts Defendants' conduct
10 allows them to take less than a 50% profit margin on sales as compared to licensed dealers, and
11 therefore, Defendants can continue operations for only half of the profit margin of other dealers.
12 (*Id.* at ¶ 61.) Plaintiff alleges Defendants' conduct was intended to and does injure competition
13 since Defendants fail to pay the required overhead costs of conducting retail car sales, fail to pay
14 the state for licensing and enforcement fees, and fail the public by having no oversight over an
15 unlicensed organization. (*Id.* at ¶ 69.)

16 Plaintiff asserts four causes of action: (1) violation of California's Unfair Competition
17 Law ("UCL"), Business & Professions Code § 17200, *et seq*.; (2) violation of California's False
18 Advertising Law ("FAL"), Business & Professions Code § 17500, *et seq.*; (3) violation of
19 California's Unfair Practices Act ("UPA"); and (4) Unjust Enrichment and Disgorgement. (ECF
20 No. 1 at 12.) Presently before the Court is Defendant's Motion to Dismiss, filed August 16, 2019.
21 (ECF No. 11.)

22 **II.  STANDARD OF LAW**

23 A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal
24 sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of
25 Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim
26 showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79
27 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice
28 of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S.

3

544, 555 (2007) (internal quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant–unlawfully–harmed–me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570).  Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible," is the complaint properly dismissed. *Id.* at 680.  While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility inquiry is

4

"a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

#### A. Violation of California's Unfair Competition Law

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Bus. & Prof. Code § 17200. "An act can be alleged to violate any or all three of the prongs of the UCL — unlawful, unfair, or fraudulent." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1149 (N.D. Cal. 2010) (quoting *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554, (2007)). The Court addresses each of the three prongs pertaining to Plaintiff's UCL claim below.

##### i. *Unlawful*

Defendants argue Plaintiff's UCL claim as brought under the unlawful prong fails because Plaintiff has not alleged Defendants are "dealers" within the meaning of the California Vehicle Code.[1] (ECF No. 11-1 at 13.) First, Defendants contend the California dealer provisions of the

---

[1] Defendants request the Court take judicial notice of California DMV records indicating Defendants were issued a used dealership license on April 25, 2019, one month before Plaintiff filed the complaint in this matter. (ECF No. 11-2.) The Court may take judicial notice of matters of public record without converting the motion into one for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (on a motion to dismiss, a court may take judicial notice of undisputed matters of public record); *see also Mack v. South Bay Beer*

5

Vehicle Code do not apply to out-of-state sales transactions, and the Legislature has not expressed an intent to regulate out-of-state behavior. (*Id.* at 14 (citing *Speyer v. Avis Rent a Car Sys., Inc.*, 415 F. Supp. 2d 1090, 1099 (S.D. Cal. 2005), *aff'd*, 242 F. App'x 474 (9th Cir. 2007) (declining to interpret a California statute as applying to car rental transactions occurring outside of California where there was no expressed intent to regulate out-of-state transactions)).) Next, Defendants argue Plaintiff's reading of the California dealer provisions has been rejected by the California DMV, per Plaintiff's own allegations. (*Id.* at 16–17.) Finally, Defendants argue the Dormant Commerce Clause precludes California from regulating internet sales transactions that occur wholly outside the State. (*Id.* at 17–18 (citing *Healy v. Beer Inst.*, 491 U.S. 324, 366 (1989) ("The Commerce Clause precludes the application of a state statute to commerce that takes place wholly outside of the State's borders, whether or not the commerce has effects within the State."); *Sam Francis Foundation v. Christies, Inc.*, 784 F.3d 1320, 1323–25 (9th Cir. 2015) (holding state regulation violates the Commerce Clause only if it regulates conduct that takes place "wholly outside" a state's jurisdiction)).)

In opposition, Plaintiff asserts he has sufficiently stated a cause of action under the unlawful prong of the UCL. (ECF No. 13 at 11.) First, Plaintiff argues Defendants' sales transactions were conducted in the State, and its claims to the contrary are based on a contractual fiction created in purchase contracts with California customers. (*Id.* at 12.) Second, Plaintiff contends that while Defendants may have partially cured some violations by obtaining a California dealership license, they cannot cure their past unfair competitive practices and failures to comply with California regulations.[2] (*Id.*) Third, Plaintiff argues Defendants' advertisements

---

*Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) ("a court may take judicial notice of records and reports of administrative bodies"); *Shaghoian v. Aghajani*, 228 F. Supp. 2d 1107, 1109 n. 4 (C.D. Cal. 2002) (taking judicial notice of DMV records). Therefore, pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the records showing Defendants' licensing status.

[2] Plaintiff's remedies under the UCL and FAL are limited to injunctive relief and restitution. *Pom Wonderful LLC v. Welch Foods, Inc.*, No. CV 09-567 AHM (AGRx), 2009 U.S. Dist. LEXIS 123329, at *8 (C.D. Cal. Dec. 21, 2009). Since Defendant has now obtained a California license, it is not clear what further injunctive remedy the Court could grant at this time. Furthermore, "disgorgement of profits allegedly obtained by means of an unfair business practice" is not "an authorized remedy under the UCL where the profits are neither money taken

did not comply with the California Vehicle Code.  (*Id.* at 13.)  Finally, Plaintiff contends he observed deliveries to California consumers, and if the Court grants leave for discovery, Plaintiff could use Defendants' exemplar contracts to show that the sales actually occurred in California.[3]  (*Id.*)  In reply, Defendants reiterate that Plaintiff has failed to show Defendants fall within the definition of a California dealer for purposes of the California Vehicle Code, and has further failed to allege that Defendants sold any cars in California.  (ECF No. 7–8.)

An unlawful business practice under the UCL is a practice that violates any other law.  *Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1171 (E.D. Cal. 2007); *see also Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999).  Here, the Court agrees with Defendants that Plaintiff has failed to adequately allege Defendants are a used car dealer within the State of California or that Defendants have conducted sales within the State.  While Plaintiff alleges Defendants engaged in "dealership activities" and sometimes in passing references Defendant as a "dealer," Plaintiff has not actually alleged facts supporting that Defendants are a used car dealer within the State or that their sales transactions occurred in California.  It is also unclear from Plaintiff's allegations whether Defendants operated a physical location within the State, at times stating Carvana did not maintain a physical location and at other times indicating there was a "proxy" location or other physical set-up near CarBarn.  Defendants' conduct cannot be considered unlawful for purposes of a UCL claim if Defendants are not subject to California's laws.

Furthermore, while Plaintiff's allegations demonstrate Defendants delivered cars within

---

from a plaintiff nor funds in which the plaintiff has an ownership interest." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1152 (2003).  The Court here grants leave to amend, but as pleaded, it appears unlikely Plaintiff will be able to state a colorable remedy for his UCL and FAL claims.

[3]     Defendants object to Plaintiff's attempt to supplement its Complaint with a declaration by its attorney as procedurally improper.  *See Vassel v. Carson Helicopters, Inc.*, No. 13-cv-02520, 2014 WL 1912056, at *3–4 (E.D. Cal. May 13, 2014) (declining to consider plaintiff and attorney declarations submitted in opposition to a motion to dismiss where documents attached to the declarations were not the proper subject of judicial notice or incorporation by reference).  Plaintiff offers no argument or legal authority to support a finding that the facts contained within the declaration are the proper subjects of judicial notice.  Accordingly, the Court declines to consider Plaintiff's declarations in support of its opposition.

the State, it is not clear that the delivery of a product within the State is sufficient to bring Defendants under the definition of a California dealer. Plaintiff's contention that Defendants' contracts showing the sales occurred out of the State are shams is conclusory and insufficient to state a plausible claim that Defendants' sales have actually occurred in California. Relatedly, as Defendants correctly note, nothing indicates the Vehicle Code's provisions regulating "dealers" apply to sales conducted over the Internet. The Court agrees with Plaintiff's statement in opposition that an attorney's representation in briefing that sales were conducted out-of-state is not a reason to grant a motion to dismiss (ECF No. 13 at 11); but the absence of factual allegations demonstrating sales were conducted in-state is. That said, it may be possible for Plaintiff to allege additional facts showing Defendants are dealers as defined by California law and/or have conducted sales within the State, subjecting them to California's laws. Accordingly, Plaintiff's claim as alleged fails under the unlawful prong of the UCL. Defendant's Motion to Dismiss as to Plaintiff's claims under the unlawful prong of the UCL is therefore GRANTED. Because amendment could possibly cure the deficiencies identified herein, dismissal is with leave to amend.

### ii. Unfair

Defendants' Motion also addresses Plaintiff's claim as brought under the UCL's unfair prong. More specifically, Defendants contend that selling cars at a lower cost than their competitor is not unfair unless the conduct "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech*, 20 Cal. 4th at 185 (1999). (ECF No. 11-1 at 19–20.) Defendants contend Plaintiff must allege facts showing Defendants' prices are predatory or below their own costs. (*Id.*) Plaintiff does not oppose Defendants' arguments.

Defendants are correct that in order for Plaintiff to have suffered an injury for purposes of a UCL violation due to Defendants' unfair conduct, Defendants' conduct must threaten "an incipient violation of an antitrust law, or violate[] the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly

threaten[] or harm[] competition." *Cel-Tech*, 20 Cal. 4th at 187 (1999). Furthermore, "[p]ricing practices are not unfair merely because a competitor may not be able to compete against them." *Id.* at 189. Here, Plaintiff has consistently alleged that Defendants are able to operate at a lower cost and make a profit, even while selling vehicles at a lower price. However, to support a claim under the unfairness prong, Plaintiff must allege Defendants' prices are predatory, such as — for example — that Defendants sell their vehicles at a price below their own costs. *See, e.g., Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 219, 222 ("[A] plaintiff seeking to establish competitive injury resulting from a rival's low prices must prove that the prices complained of are below an appropriate measure of its rival's costs."). Plaintiff has failed to do so and accordingly, has failed to sufficiently allege a violation of the UCL under the unfair prong. Defendants' Motion to Dismiss as to Plaintiff's claims under the unfair prong of the UCL is therefore GRANTED. Despite Plaintiff's failure to oppose this particular ground for dismissal, because amendment could possibly cure the deficiencies identified herein, dismissal is with leave to amend.

      *iii.*  *Fraudulent*

California Business & Professions Code § 17500, California's False Advertising Law ("FAL"), makes it unlawful for any person to make a statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500. Additionally, California's FAL prohibits any "unfair, deceptive, untrue, or misleading advertising." Cal. Bus. & Prof. Code § 17500. The California Supreme Court has recognized that any violation of the FAL necessarily violates the UCL. *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 950 (2002). Since a violation of § 17500 is also a violation of the "fraudulent" prong of California Business & Professions Code § 17200, courts often analyze the two claims together. *See Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1063–64 (N.D. Cal. 2017) (analyzing FAL and UCL claims together); *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 n.8 (2009) (same); *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1360 (2003) (same). Both parties have chosen to address these claims together,

///

and so, the Court will address the fraudulent prong of Plaintiff's UCL claim with its FAL claim below.

       B.   Violation of California's False Advertising Law

   Defendants argue Plaintiff's fraud-based claims under the UCL and FAL fail for two reasons: (1) Plaintiff fails to meet the heightened pleading standard required for fraud-based claims under Federal Rule of Civil Procedure 9(b); and (2) Plaintiff fails to allege that he or anyone else relied on Defendants' alleged misrepresentations. (ECF No. 11-1 at 21–22.) In opposition, Plaintiff attempts to clarify that he is not alleging Defendants committed fraud, but rather that Defendants are selling "certified" vehicles without meeting the compliance standards for certification requirements, and are further advertising a list price that does not disclose it excludes taxes, title, and license fees. (ECF No. 13 at 14–15.) Plaintiff argues, without authority, that the reliance requirement is "preposterous" since it would require Plaintiff to purchase a car from Defendants in order to enforce provisions of the California Civil Code and Vehicle Code. (*Id.*)

   Despite Plaintiff's contention that he does not intend to assert Defendants committed fraud, his Complaint repeatedly alleges Defendants misrepresented their prices and practices, which constitutes a fraud on the public. At a minimum, then, Plaintiff's claim under the FAL sounds in fraud. The Ninth Circuit has held that Rule 9(b) requires all "averments of fraud" to be pleaded with particularity "irrespective of whether the substantive law at issue is state or federal, and even when "fraud is not an essential element of the claim." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124–25 (9th Cir. 2009). To meet the heightened pleading standard of Rule 9(b), plaintiffs must plead "the who, what, when, where, and how of the alleged fraud." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Courts have applied Rule 9(b) to both UCL and FAL claims. *In re Apple & AT&T iPad Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070, 1075 (N.D. Cal. 2011); *see also Herrington v. Johnson & Johnson Consumer Cos., Inc.*, 2010 WL 3448531, at *7 (N.D. Cal. Sept. 1, 2010). To the extent Plaintiff asserts a claim under the fraudulent prong of the UCL, that claim must meet the heightened pleading standard of Rule 9(b). Because his FAL claim sounds in fraud, it too must meet that heightened standard.

Additionally, in order to have standing under California law for UCL and FAL claims, Plaintiff must meet the injury-in-fact requirement. This requirement is met where a plaintiff can "show that, by relying on a misrepresentation on a product label, they 'paid more for a product than they otherwise would have paid, or bought it when they otherwise would not have done so.'" *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015) (citation omitted). Where UCL and FAL claims are based on allegations of misleading communications, California law requires plaintiffs to allege actual reliance. *See In re Tobacco II Cases*, 46 Cal. 4th at 326 (holding plaintiff must show actual reliance to having standing to bring a UCL claim under the fraudulent prong).

Nowhere in Plaintiff's Complaint does Plaintiff allege he relied on any misrepresentation by Defendants. Indeed, Plaintiff concedes as much by arguing that such a requirement is "preposterous." (ECF No. 13 at 15.) But Plaintiff fails to point to any authority indicating the reliance requirement is not necessary to state a claim under the UCL or FAL in this particular context. Defendants' Motion to Dismiss as to Plaintiff's claims under the fraudulent prong of the UCL and FAL is therefore GRANTED. Given Plaintiff's position, it seems unlikely amendment will cure the deficiencies described herein. Nonetheless, because leave to amend is liberally granted, especially at this early stage of litigation, dismissal is with leave to amend.

C.     Violation of California's Unfair Practices Act

Defendants contend Plaintiff has not and cannot allege they engaged in "loss leader" conduct, as prohibited under California's Unfair Practices Act, because Defendants did not sell any product at a price below actual cost or set prices low in an effort to destroy competition. (ECF No. 11-1 at 26–28.) Plaintiff argues in opposition that Defendants' ability to dispense with the fees associated with the proper licensing of a used car dealership allows them to sell cars "virtually at a loss versus other bona-fide DMV licensed and otherwise compliant used vehicle dealerships." (ECF No. 13 at 16.) In reply, Defendants argue Plaintiff's application of the UPA "loss leader" provision is unsupported, and further, that Plaintiff failed to oppose Defendants' argument that they did not set prices with the intent to destroy competition. (ECF No. 14 at 13.)

///

11

Under the UPA, a "loss leader" refers to any article or product sold at less than cost where (1) the purpose is to encourage the purchase of other merchandise, (2) the effect is a tendency to mislead purchasers, or (3) the effect is to divert trade from or otherwise injure competitors. Cal. Bus. & Prof. Code § 17030. It is unlawful for any person doing business in the State to sell or use any article or product as a "loss leader." Cal. Bus. & Prof. Code § 17044. It is well-settled under California law that § 17044 claims require a showing of defendant's wrongful intent "to sell articles below cost for the purpose of injuring competitors or destroying competition." *Cel-Tech*, 20 Cal. 4th at 176 (quoting *Ellis v. Dallas,* 113 Cal. App. 2d 234, 239 (1952)).

Plaintiff has failed to allege Defendants engaged in loss leader conduct because Plaintiff does not allege Defendants sell cars below cost. Instead, Plaintiff asserts Defendants are able to sell cars for a lower profit margin than traditional dealerships because Defendants do not pay the compliance costs associated with California licensing requirements. Plaintiff further alleges that Defendants' ability to operate at a lower fixed cost is detrimental to licensed dealerships' ability to compete, but he does not allege Defendants intentionally sold cars below their own cost in an effort to injure competitors or destroy competition. Plaintiff does generally allege that Defendants' failure to comply with applicable licensing requirements injures competition, but conclusory allegations are insufficient to sustain a "loss leader" claim. *Cel-Tech*, 20 Cal. 4th at 176. Plaintiff's loss leader claim brought under the UPA must therefore be DISMISSED. Since it may be possible for Plaintiff to amend the Complaint to sufficiently state a claim for loss leader conduct, the Court GRANTS Defendants' Motion to Dismiss with leave to amend.

### D. Unjust Enrichment and Disgorgement

Defendants argue Plaintiff's claim for unjust enrichment and disgorgement should be dismissed because there is no standalone cause of action for unjust enrichment under California law and Plaintiff has failed to allege a pre-existing, quasi-contractual relationship necessary to state a claim for restitution. (ECF No. 11-1 at 28–29.) In opposition, Plaintiff asserts his claim for unjust enrichment is an equitable claim and is pleaded as an alternative to the "loss leader" claim. (ECF No. 13 at 17.) In reply, Defendants concede unjust enrichment is an equitable

///

claim, but argue Plaintiff's claim still fails to plead a pre-existing relationship between the parties as is required by law. (ECF No. 14 at 14.)

It is true California courts have concluded that unjust enrichment is not an independent cause of action, but rather a "theory that permits recovery on other recognized causes of action." *Yujin Robot Inc. v. Synet Elecs. Inc.*, No. CV 14-06237 SJO (ASx), 2015 WL 12781052, at *4 (C.D. Cal., March 16, 2015); *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). As Defendant concedes, courts may construe a cause of action for unjust enrichment as a quasi-contract claim seeking restitution. *Id*. Such a claim may lie where a defendant has received a benefit and the retention of that benefit would be unjust. *Id*. Here, however, Plaintiff does not allege Defendants' conduct created a quasi-contractual relationship. *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004) ("the remedy of disgorgement only arises where a prior relationship between the parties subject to and benefitting from disgorgement originally resulted in unjust enrichment"). Although Defendants may have been able to secure a higher profit margin on the vehicles they sold during the timeframe described in the Complaint, Plaintiff has failed to allege a quasi-contract claim that gives rise to unjust enrichment and disgorgement as a remedy.

To the extent that Plaintiff argues his claim is an alternative to his "loss leader" claim, he has nonetheless failed to allege a viable quasi-contract claim. Plaintiff offers no authority, and the Court has found none, supporting the argument that "loss leader" conduct alone gives rise to a contractual or quasi-contractual relationship between the parties. Defendants' Motion to Dismiss is therefore GRANTED. There being no indication of a quasi-contractual relationship between the parties, it seems unlikely Plaintiff will be able to sufficiently state such a claim. Nonetheless, the Court grants dismissal with leave to amend to provide Plaintiff the opportunity to allege facts sufficient to state a cause of action. Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiff's claim for unjust enrichment with leave to amend.

E.   Plaintiff's Request for Limited Discovery

In opposition to Defendants' Motion, Plaintiff requests leave of the Court to seek limited discovery to examine the sales transactions records and records of regulatory or State-instituted

1 investigations of Defendants for cars sold to California consumers. (ECF No. 13 at 18.) Plaintiff
2 also asserts he will be investigating consumers who purchased vehicles from Defendants, though
3 it is not clear to the Court if this is a request or merely a statement of intent. (*Id.*) In Reply,
4 Defendants argue Plaintiff's request is merely a fishing expedition, and the act of filing a
5 complaint does not entitle Plaintiff to discovery. (ECF No. 14 at 10–11.) The Court agrees that
6 Plaintiff "must satisfy the pleading requirements of Rule 8 before the discovery stage, not after
7 it." *Muijica v. AirScan, Inc.*, 771 F.3d 580, 593 (9th Cir. 2014). Therefore, to the extent leave to
8 amend is granted by way of this Order, Plaintiff may continue his investigations and may — as
9 provided in the parties' Joint Report (ECF No. 12 at 3) — seek an appropriate informal exchange
10 of information. The Court will not, however, order Defendants to respond to a general request for
11 discovery at this time. To the extent a formal discovery dispute may arise, the parties are of
12 course free to file any appropriate motion pursuant to the Eastern District Local Rules and Federal
13 Rules of Civil Procedure. Accordingly, the Court DENIES Plaintiff's request without prejudice.

14 **IV.   CONCLUSION**

15 For the reasons set forth above, the Court hereby GRANTS Defendants' Motion to
16 Dismiss (ECF No. 11) in its entirety with leave to amend. The Court DENIES Plaintiff's request
17 to conduct limited discovery without prejudice. Plaintiff is granted twenty-one (21) days from the
18 date of electronic filing of this Order to file an amended complaint. Defendants are afforded
19 twenty-one (21) days from the date Plaintiff files an amended complaint to file a responsive
20 pleading.

21 IT IS SO ORDERED.
DATED: July 27, 2020

Troy L. Nunley
United States District Judge