UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH SCHRENK, dba THE CAR BARN, individually and on behalf of other persons similarly situated,<br><br>                    Plaintiff,<br><br>         v.<br><br>CARVANA, LLC; and CARVANA GROUP, LLC,<br><br>                    Defendants. | No. 2:19-cv-01302-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Defendants Carvana, LLC and Carvana Group, LLC's (collectively, "Defendants") Motion to Dismiss. (ECF No. 23.) Plaintiff Keith Schrenk ("Plaintiff") opposed the motion (ECF No. 28), and Defendants replied (ECF No. 29). For the reasons set forth below, the Court GRANTS in part and DENIES in part Defendants' motion.

///
///
///
///
///
///
///

1

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Court need not recount the background facts of the instant case as they are set forth fully in its July 28, 2020 Order.  (ECF No. 19.)  Plaintiff asserts three causes of action against Defendants in his First Amended Complaint ("FAC"): (1) violation of California's Unfair Competition Law ("UCL"), Business & Professions Code §§ 17200−17210; (2) violation of California's False Advertising Law ("FAL"), Business & Professions Code § 17500; and (3) violation of California's Unfair Practices Act ("UPA"), Business & Professions Code §§ 17000–17101.  (ECF No. 20 at 1.)  Presently before the Court is Defendants' motion to dismiss, filed October 13, 2020.  (ECF No. 23.)

## II.  STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

2

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant–unlawfully–harmed–me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible," is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting

*Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III.   ANALYSIS**

   A.   Violations of the UCL

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "[A]n act can be alleged to violate any or all three of the prongs of the UCL — unlawful, unfair, or fraudulent." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1149 (N.D. Cal. 2010) (quoting *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007)). The Court addresses each of the three prongs pertaining to Plaintiff's UCL claim below.

   *i.   Unlawful*

Plaintiff alleges Defendant "engaged in unlawful conduct under the UCL by: (1) failing to secure and report to the [California] DMV on a physical dealership location in California[;] (2) failing to obtain related used car dealership and salesperson licenses[;] and (3) failing to abide by a number of other specific Vehicle Code provisions related to appropriate advertising and display of information in connection with selling used cars." (ECF No. 23-1 at 9 (citing ECF No. 20 ¶¶ 1, 4, 37–39).) Plaintiff alleges dealers must comply with those requirements. (*See id.*)

Defendants argue Plaintiff's UCL claim as brought under the unlawful prong fails because Plaintiff does not allege Defendants are "dealers" within the meaning of the California Vehicle Code. (*Id.* at 9.) Defendants contend the factual allegations regarding whether they are "dealers" are unchanged in the FAC, with the exception of a new "entirely conclusory" allegation that Defendants qualify as "dealers" under the California Vehicle Code's definition of that term because they "deal in and sell vehicles subject to identification under this code." (*Id.* at 10 (citing ECF No. 20 ¶ 4(m).) Defendants maintain this allegation is implausible as the California DMV rejected Plaintiff's interpretation of the California Vehicle Code, per Plaintiff's own allegations. (*Id.*) Defendants further argue Plaintiff's new reference to California Commercial Code § 2401 does not save the claim, as Plaintiff has not alleged any facts sufficient to establish title passes to Defendants' customers at the point of delivery rather than a time and place "otherwise explicitly agreed," which is allowed by § 2401. (*Id.* at 11.)

4

1    In opposition, Plaintiff asserts Defendants "violated a variety of state statutes regulating
2 the used auto sale industry," such as advertising "in California vehicles offered for sale in
3 California" but not "mak[ing] the required disclosure that the listed price excluded tax, title and
4 license fees in violation of California Vehicle Code [§] 11713.1(o)." (ECF No. 28 at 11–12
5 (citing ECF No. 20 ¶¶ 41, 51).) Plaintiff notes the UCL can "borrow" violations of other law and
6 treat them "as unlawful practices independently actionable under [the UCL]." (*Id.* at 10–11
7 (quotation marks and citation omitted).)

8    An "unlawful" business practice under the UCL is a practice that violates any other law.
9 *Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1171 (E.D. Cal. 2007); *see also Cel-Tech*
10 *Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). As stated
11 previously, Plaintiff alleges Defendant violated a variety of state statutes regulating the used auto
12 sale industry. (ECF No. 28 at 11.) To state a claim under the UCL, Plaintiff must allege facts
13 that establish Defendants are "dealers" and are therefore subject to the allegedly violated
14 California statutes.

15    Here, Plaintiff adequately alleges Defendants are dealers engaged in the sale of used
16 vehicles in California. (ECF No. 20 at 3–4, 6, 8, 24, 28.) Specifically, Plaintiff alleges
17 Defendants engaged in "dealership activities and actions" as defined by California Vehicle Code
18 §§ 285–86. (*Id.* at 6.) Plaintiff alleges Defendants "began active engagement and auto sales in
19 the market for used autos in Sacramento County and surrounding areas . . . and used a location
20 near an auto wholesale lot to engage in dealership activity within less than a mile from
21 [Plaintiff's] locations." (*Id.* at 8.)

22    After a close review of the parties' briefing and the FAC — even though it has
23 substantially similar allegations to the original Complaint — the Court finds the question of
24 whether Plaintiff adequately pleaded Defendants are "dealers" within the meaning of the
25 California Vehicle Code and whether Defendants conducted sales in California to be a close call.
26 Accordingly, pursuant to the Court's inherent power to reverse a previous interlocutory decision,
27 the Court now finds Plaintiff sufficiently alleges facts to establish that Defendants are "dealers"
28 as defined by California law and conducted sales within the state, subjecting them to California

laws. *See, e.g.*, *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996); *Abada v. Charles Schwab & Co., Inc.*, 127 F. Supp. 2d 1101, 1102 (S.D. Cal. 2000) ("A district court may reconsider and reverse a previous interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law."). Accordingly, Defendants' motion to dismiss Plaintiff's claim under the unlawful prong of the UCL is DENIED.

      *ii.*  *Unfair*

Defendants' motion also addresses Plaintiff's claim as brought under the UCL's unfair prong. (ECF No. 23-1 at 12.) More specifically, Defendants contend that selling cars at a lower cost than their competitor is not unfair unless the conduct "threatens 'an incipient violation of an antitrust law, or violate[s] the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threaten[s] or harm[s] competition.'" (ECF No. 23-1 at 12 (quoting *Cel-Tech*, 20 Cal. 4th at 187).) Defendants contend Plaintiff must allege facts showing Defendants' prices are predatory or below their own costs, yet fails to do so in its FAC. (*Id.* at 12–13.) In opposition, Plaintiff does not directly address his claim under the unfair prong but generally argues he sufficiently alleges that by operating as a used car dealer, but not complying with applicable California laws, Defendant is undermining fair competition for duly licensed California auto dealers. (*See* ECF No. 28 at 5.) In reply, Defendants contend the allegations in the FAC are unchanged and have already been rejected by this Court. (ECF No. 29 at 9–10.)

Defendants are correct that in order for Plaintiff to have suffered an injury for purposes of a UCL violation due to Defendants' unfair conduct, Defendants' conduct must threaten "an incipient violation of an antitrust law, or violate[] the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threaten[] or harm[] competition." *Cel-Tech*, 20 Cal. 4th at 187. To state a claim under the unfairness prong of the UCL, Plaintiff must allege Defendants' prices are predatory — namely, that Defendants sell their vehicles at a price below their own costs. *See, e.g.*, *Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 219, 222 ("[A] plaintiff seeking to establish

6

1 competitive injury resulting from a rival's low prices must prove that the prices complained of are
2 below an appropriate measure of its rival's costs.").

3  Plaintiff alleges Defendants "fail to pay the overhead costs necessary to run and operate a
4 lawful and licensed auto dealership . . ." and the failure to pay those costs "cause[s] injury to
5 lawful competitors." (ECF No. 20 at 25.) Plaintiff specifically alleges Defendants are "placing
6 vehicles for sale under market value because they do not incur all the necessary costs and
7 expenses of running a bona fide dealership in California." (*Id.* at 7.) Here again, the Court
8 recognizes that the allegations of the FAC are substantially similar to allegations in the original
9 Complaint. Because the Court finds that upon reconsideration of this threshold issue, Plaintiff
10 sufficiently alleges facts to establish Defendants are "dealers" as defined by California law, it
11 follows that Plaintiffs have sufficiently alleged Defendants are selling vehicles below their own
12 costs by not paying the required costs to be "dealers." Giving Plaintiff the benefit of every
13 reasonable inference, the Court finds Plaintiff sufficiently alleges facts to state a claim under the
14 unfair prong of the UCL. Accordingly, Defendants' motion to dismiss Plaintiff's claim under the
15 unlawful prong of the UCL is DENIED.

16         *iii.*    *Fraudulent*

17 The FAL makes it unlawful for any person to make a statement "which is untrue or
18 misleading, and which is known, or which by the exercise of reasonable care should be known, to
19 be untrue or misleading." Cal. Bus. & Prof. Code § 17500. Additionally, the FAL prohibits any
20 "unfair, deceptive, untrue, or misleading advertising." *Id*. The California Supreme Court
21 recognized that any violation of the FAL necessarily violates the UCL. *Kasky v. Nike, Inc.*, 27
22 Cal. 4th 939, 950 (2002). Since a violation of § 17500 is also a violation of the "fraudulent"
23 prong of California Business & Professions Code section 17200, courts often analyze the two
24 claims together. *See Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1063–64 (N.D. Cal.
25 2017) (analyzing FAL and UCL claims together); *In re Tobacco II Cases*, 46 Cal. 4th 298, 312
26 n.8 (2009) (same); *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351,
27 1360 (2003) (same). Both parties chose to address these claims together, and so, the Court will
28 address the fraudulent prong of Plaintiff's UCL claim with its FAL claim below.

B.  Violation of California's False Advertising Law

Defendants argue Plaintiff's fraud-based claims under the UCL and FAL fail for two reasons: (1) Plaintiff fails to meet the heightened pleading standard required for fraud-based claims under Rule 9(b); and (2) Plaintiff fails to allege that he relied on Defendants' alleged misrepresentations.  (ECF No. 23-1 at 13.)  In opposition, Plaintiff alleges his claims under the UCL and FAL — "to the extent they sound in fraud and misrepresentation" — are described with sufficient particularity to meet the heightened pleading standard under Rule 9(b).  (ECF No. 28 at 5–6; 12–13.)  Renewing the exact same language from the original Complaint, Plaintiff argues, without authority, that the reliance requirement is "preposterous" since it would require Plaintiff to purchase a car from Defendants to enforce provisions of the California Civil Code and Vehicle Code.  (*Id.*)  In reply, Defendant's argue that Plaintiff is recycling the same unsuccessful arguments from the original Complaint and still fails to allege specific facts that he relied on Defendants' alleged misrepresentations.  (ECF No. 29 at 12–13.)

To meet the heightened pleading standard of Rule 9(b), plaintiffs must plead "the who, what, when, where, and how" of the alleged fraud.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  Courts have applied Rule 9(b) to both UCL and FAL claims.  *In re Apple & AT&T iPad Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070, 1075 (N.D. Cal. 2011); *see also Herrington v. Johnson & Johnson Consumer Cos., Inc.*, 2010 WL 3448531, at *7 (N.D. Cal. Sept. 1, 2010).  To the extent Plaintiff asserts a claim under the fraudulent prong of the UCL, that claim must meet the heightened pleading standard of Rule 9(b).  Because his FAL claim sounds in fraud, it must also meet the heightened standard.

Additionally, in order to have standing under California law for UCL and FAL claims, Plaintiff must meet the injury-in-fact requirement.  This requirement is met where a plaintiff can "show that, by relying on a misrepresentation on a product label, they 'paid more for a product than they otherwise would have paid or bought it when they otherwise would not have done so.'" *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015) (citation omitted).  Where UCL and FAL claims are based on allegations of misleading communications, California law requires plaintiffs to allege actual reliance.  *See In re Tobacco II Cases*, 46 Cal. 4th at 326 (holding

8

1 plaintiff must show actual reliance to have standing to bring a UCL claim under the fraudulent
2 prong).

3 Here, Plaintiff fails to allege actual reliance on any misrepresentations made by
4 Defendants.  Indeed, Plaintiff concedes as much by arguing such a requirement is "preposterous."
5 (ECF No. 28 at 13.)  But Plaintiff fails to point to any authority indicating the reliance
6 requirement is not necessary to state a claim under the UCL or FAL in this context.  (*See* ECF
7 No. 28.)  The Court previously dismissed the fraud-based claims under the UCL and FAL with
8 leave to amend, noting that California law requires plaintiffs to allege actual reliance.  (ECF No.
9 19 at 11.)  Considering the Court's previous ruling and having given Plaintiff an opportunity to
10 amend, the Court finds allowing for further amendment would be futile because Plaintiff fails to
11 demonstrate the deficient pleading can be remedied.  *See Lopez*, 203 F.3d at 1130.  Defendants'
12 motion to dismiss Plaintiff's claims under the fraudulent prong of the UCL and FAL is
13 GRANTED without leave to amend.

       C. <u>Violation of California's Unfair Practices Act</u>

15 Defendants contend Plaintiff has not and cannot allege they engaged in "loss leader"
16 conduct, as prohibited under California's Unfair Practices Act, because Defendants did not sell
17 any product at a price below actual cost for the purpose of injuring competitors or destroying
18 competition.  (ECF No. 23-1 at 14–15.)  Defendants argue Plaintiff has "not added a single
19 allegation to its [FAC] that is intended to fill the factual gaps identified by the Court with respect
20 to this claim" and therefore the Court should dismiss this claim.  (*Id.* at 15.)

21 Plaintiff asserts in opposition that the FAC alleges Defendants did not pay fees associated
22 with the proper licensing of a used car dealership, allowing them to sell cars "virtually at a loss
23 versus other bona-fide DMV licensed and otherwise compliant used vehicle dealerships."  (ECF
24 No. 28 at 13–14.)  In reply, Defendants emphasize Plaintiff's arguments for unfair pricing under
25 both the UCL and the UPA cite to the same language from the original Complaint, which this
26 Court deemed insufficient to state a claim.  (ECF No. 29 at 10.)

27 Under the UPA, a "loss leader" refers to any article or product sold at less than cost where
28 (1) the purpose is to encourage the purchase of other merchandise, (2) the effect is a tendency to

9

1  mislead purchasers, or (3) the effect is to divert trade from or otherwise injure competitors. Cal.
2  Bus. & Prof. Code § 17030. It is unlawful for any person doing business in the State to sell or use
3  any article or product as a "loss leader." Cal. Bus. & Prof. Code § 17044. It is well-settled under
4  California law that § 17044 claims require a showing of defendant's wrongful intent "to sell
5  articles below cost for the purpose of injuring competitors or destroying competition." *Cel-Tech*,
6  20 Cal. 4th at 176 (quoting *Ellis v. Dallas*, 113 Cal. App. 2d 234, 239 (1952)).

   As already discussed under the unfairness prong of the UCL, this Court finds Plaintiff sufficiently pleads facts to establish Defendants were selling cars below their cost. The remaining question therefore is whether Plaintiff sufficiently pleads facts to establish Defendants had a wrongful intent to injure competitors or destroy competition, as required to state a claim under the UPA. Plaintiff alleges that based on Defendants' "public filings, public statements, and press releases, as well as Defendants' website," Defendants "have and continue to have express intent to sell vehicles in the State of California without compliance with licensing, advertising, and other laws and regulations promulgated by the DMV . . . ." (ECF No. 20 at 31.) Plaintiff alleges publicly available business records and press statements show Defendants' "purpose and aim is to disrupt the used car market by bypassing all dealership rules and requirements in the State of California . . . ." (*Id.* at 7–8.) Giving Plaintiff the benefit of all reasonable inferences, the Court finds Plaintiff pleads sufficient facts to state a claim under the UPA. Accordingly, Defendants' motion to dismiss Plaintiff's claim under the UPA is DENIED.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 23) is hereby GRANTED in part and DENIED in part as follows:

1. Defendants' Motion to Dismiss Plaintiff's claim for violation of the unlawful prong of the UCL is DENIED;

2. Defendants' Motion to Dismiss Plaintiff's claim for violation of the unfair prong of the UCL is DENIED;

3. Defendants' Motion to Dismiss Plaintiff's claim for violation of the fraudulent prong of the UCL and for violation of the FAL are GRANTED without leave to amend;

10

and

4.   Defendants' Motion to Dismiss Plaintiff's claim for violation of the UPA is DENIED.

Defendants shall file an answer not later than twenty-one (21) days from the date of electronic filing date of this Order.

IT IS SO ORDERED.

DATED: February 23, 2022

Troy L. Nunley
United States District Judge